I2SHORTESS, Judge.
Donald K. Smith (defendant) was charged by bill of information with armed robbery, La. R.S. 14:64. He pled not guilty and, after trial by jury, was convicted as charged. Subsequently, the State filed a petition charging him as a second felony habitual offender. See La. R.S. 15:529.1. After a hearing, the court found defendant to be a second felony habitual offender and sentenced him to serve a term of forty-nine years and six months imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence and with credit for time served. Defendant has appealed his adjudication and sentencing as a habitual offender, urging three assignments of error. Assignment number three was not briefed on appeal and, therefore, is considered abandoned. See Uniform Rules—Courts of Appeal, rule 2-12.4. In a separate appeal (95 KA 1826), defendant appeals his conviction for armed robbery.

ADJUDICATION AS HABITUAL OFFENDER

Defendant argues the court erred when it concluded his Oklahoma conviction for “larceny from the house” was a felony for purposes of the habitual offender statute.
For a conviction from another state to serve as a predicate felony conviction for purposes of the Louisiana Habitual Offender Law, the conviction must be of “a crime which, if committed in this state would be a felony.” La. R.S. 15:529.1(A) (prior to renumbering by 1994 La. Acts 3rd Ex. Session No. 23, § 1). If the offense from the other state for which the defendant was convicted does not necessarily include conduct considered to be a felony under Louisiana law, that conviction cannot be used under the habitual offender statute to lead to an enhanced penalty. See State v. Sanders, 93-0001, pp. 23-24 (La.11/30/94), 648 So.2d 1272, 1290, cert. denied, — U.S. —, 116 S.Ct. 2504, 135 L.Ed.2d 194 (1996).
At the habitual offender hearing, the State introduced documentation showing defendant originally was charged in an Oklahoma state court with burglary in the second degree. Burglary in the second degree is defined in Oklahoma as follows:
13Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.
Okla. Stat. tit. 21, § 1435. Defendant pled guilty to the amended charge of larceny from the house and was sentenced to a five year suspended sentence. Larceny from the house is defined in Oklahoma as follows: “Any person entering and stealing any money or other thing of value from any house, railroad car, tent, booth or temporary building shall be guilty of larceny from the house. Larceny from the house is declared to be a felony.” Okla. Stat. tit. 21, § 1723.
Before making its ruling, the trial court noted that the Oklahoma statute designated the crime as a felony. Although the statute declares the offense of larceny from the house a felony, such a declaration is not determinative of the issue raised in this appeal. The habitual offender statute requires Louisiana courts to determine the analogous state crime according to the nature of the act involved in the crime, not the penalty provided for the offense in the foreign jurisdiction. State v. Carouthers, 618 So.2d 880, 882 (La.1993).
The trial court found the Oklahoma offense of larceny from the house comparable to the Louisiana crime of simple burglary. Simple burglary is defined as “the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein_” La. R.S. 14:62. Simple burglary is a felony in Louisiana. See *980 La. R.S. 14:2(4) and 14:62. Neither before the trial court nor before this court has the State discussed any jurisprudence from Oklahoma concerning the elements of the Oklahoma statute. The State merely introduced court documents from Oklahoma and a copy of the Oklahoma statute. On its face, the Oklahoma crime of larceny from the house does not require proof that the entry be unauthorized as does the Louisiana crime of simple burglary. Additionally, it is not apparent from the language used in the Oklahoma statute that the stealing be with the intent to deprive the owner permanently of his property, as would be the case with theft in Louisiana. (The “intent to commit a felony or any theft therein” is an element of Usimple burglary.) Thus, the record does not support the trial court’s determination that the Oklahoma crime of larceny from the house corresponds to the Louisiana offense of simple burglary.[2]
Because the Oklahoma larceny from the house statute is substantively distinguishable from the Louisiana simple burglary statute, the Louisiana simple burglary statute cannot be used to determine if the Oklahoma offense if committed in this State would be a felony. Defendant argues there is no crime in Louisiana comparable to the larceny from the house offense. Even if we were to conclude the Louisiana offense of theft is comparable, there is no indication of the value of the items stolen and, thus, it is not evident such a theft would be a felony if committed in Louisiana. See La. R.S. 14:67. See also State v. Lanier, 477 So.2d 889, 892-93 (La.App. 4th Cir.1985).
Accordingly, the trial court erred in finding defendant to be a multiple offender and in enhancing his sentence due to this finding. Therefore, we vacate the habitual offender adjudication and sentence and remand for resentencing. Because of our ruling on this assignment, it is not necessary for us to review the merits of assignment of error number two.
HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED FOR RESENTENCING.

. The elements of the Oklahoma offense of burglary in the second degree appear to more closely correspond to the elements required by the Louisiana offense of simple burglary. However, defendant did not plead guilty as charged, and we are required to consider only the elements of the crime to which defendant pled guilty, larceny from the house.