839 So.2d 1 (2003)
STATE of Louisiana
v.
Donald K. SMITH.
No. 2001-K-2574.
Supreme Court of Louisiana.
January 14, 2003.
Rehearing Denied March 21, 2003.
Richard P. Ieyoub, Attorney General, Douglas P. Moreau, District Attorney, D. Carson Marcantel, Richard C. Nevils, Brent M. Stockstill, Baton Rouge, for Applicant.
James P. Manasseh, Baton Rouge, Kathryn F. Simino, for Respondent.
LANIER, J.[*]
Certiorari was granted to determine whether the court of appeal erred when it vacated the trial court's sentence on the ground that it was unconstitutionally excessive. *2 For the reasons that follow, we conclude that the trial court sentence was not excessive and reverse.

Facts and Procedural History
On April 4, 1993, the defendant and Clenard Johnson entered Wilson's Jewelers in Baton Rouge's Cortana Mall. The defendant brandished a gun and ordered everyone in the store to lie on the floor. Johnson smashed a glass case with a mallet and grabbed approximately $400,000.00 worth of diamond rings. The defendant and Johnson fled the mall. They were chased by Jason Bassett, an army sergeant who had been shopping in the jewelry store. The defendant and Johnson attempted to escape in a stolen car. They abandoned the stolen car after a short distance. They then ran to an Oldsmobile Cutlass belonging to the defendant's mother and continued their flight. Two shots were fired at their pursuers in the process. An off-duty security guard, who heard about the chase over his radio, saw one of the suspects fire. He chased Johnson and the defendant onto a highway and into a residential neighborhood on a dead-end street. A Baton Rouge City Police Officer, who also heard of the chase on the radio, pulled onto the dead end street in time to see the suspects running. The officer called in a canine unit and followed the suspects' footprints. The canine unit arrived and located the suspects hidden in a nearby van.
The defendant was charged in a bill of information with armed robbery in violation of La. R.S. 14:64. He pled not guilty and, after a trial by jury, was convicted as charged. Subsequently, the State filed a "petition" charging the defendant as a second felony habitual offender in violation of La. R.S. 15:529.1. The foundation for the habitual offender charge was an Oklahoma conviction for "larceny from the house." Larceny from the house is a felony under Oklahoma law. After a hearing, the trial court found the defendant to be a second felony habitual offender and sentenced him to serve forty-nine years and six months imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. He was given credit for time served. The defendant appealed his conviction and sentence.
The court of appeal affirmed the defendant's conviction, State v. Smith, 95-1826 (La.App. 1 Cir. 9/27/96), 681 So.2d 980,[1]writ denied, State v. Smith, 96-2568 (La.3/27/97), 692 So.2d 390. In a separate appeal, defendant also challenged his habitual offender adjudication and sentence asserting that the conduct leading to his predicate conviction in Oklahoma did not constitute a felony under Louisiana law. The court of appeal agreed, vacated his habitual offender adjudication and sentence and remanded for resentencing. State v. Smith, 95-1827, p. 4 (La.App. 1 Cir. 9/27/96), 681 So.2d 978, 980.
The same trial court judge resentenced the defendant as a first offender and gave him the same sentence. The defendant again appealed his sentence. The court of appeal, in an unpublished opinion, found the trial court committed a patent error when it failed to dispose of the defendant's motion for a new trial, vacated the sentence and remanded the case for a second resentencing. State v. Smith, 98-0710 (La.App. 1 Cir. 4/1/99), 739 So.2d 1011.
On remand, a second trial court judge[2] denied the motion for a new trial and *3 resentenced the defendant to forty years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The court of appeal again reversed, finding the recent sentencing judge abused his sentencing discretion. State v. Smith, 00-2283 (La.App. 1 Cir. 6/22/01), 800 So.2d 446. This writ application by the State followed.

Excessiveness of Sentence
The defendant's co-defendant, Clenard Johnson, was charged with, and convicted of, armed robbery and two counts of attempted second degree murder. He was sentenced to serve twenty years imprisonment at hard labor on each charge and the three sentences were ordered to run concurrently. State v. Johnson, 94-1564 (La. App. 1 Cir. 10/6/95), 671 So.2d 461, writ denied, 95-2715 (La.2/16/96), 667 So.2d 1050. After reviewing the record in the instant case, the court of appeal concluded that there was "no justification in the record to support the great disparity in sentences on these co-defendants."
In its only assignment of error, the State asserts the court of appeal erred when it vacated the sentence and remanded again for a new sentence. The State argues that the court of appeal disregarded significant portions of the record supporting the sentence and narrowly focused on the factors it used to justify setting aside the sentence. The State observes that the trial judge obtained and considered a supplemental presentence investigation report, conducted a sentencing hearing at which the defendant presented the testimony of witnesses, properly considered the statutory sentencing guidelines[3] and recounted the facts pertaining to the offense in great detail. The State asserts the defendant was the "driving force" behind the armed robbery because he was the only person with a firearm during the robbery, he aimed the firearm at the persons in the store and ordered them to lie down, he drove his mother's car as one of the "getaway" vehicles, he had a business card from the store in his pants and there was a map of the mall in his mother's car. Finally, the State argues that the opinion of the court of appeal impermissibly infringes on the broad sentencing discretion of the trial court.
The defendant responds that it is fundamentally unfair for him to be sentenced to twice the term of incarceration as Johnson when Johnson was convicted of two more felony offenses and the parties are otherwise similarly situated. When Johnson was sentenced, the Felony Sentencing Guidelines (Guidelines) were in effect and provided for a minimum sentence of twelve and one-half years and a maximum of fifteen years for Johnson. La.C.Cr.P. art. 891.1 prior to Acts 1995, No. 942. The sentencing judge deviated from the Guidelines and imposed, in effect, a twenty-year sentence. Johnson was convicted of two counts of attempted second degree murder and had similar charges pending against him in Texas. The defendant lost the opportunity to be sentenced pursuant to the Guidelines because of a change in the law. Johnson's conduct was more egregious than that of the defendant because he shot twice at the pursuers during the escape attempt and was convicted of the additional two attempted second degree murder charges.
A review of the second trial judge's extensive reasons for sentencing shows that he did a thorough job of reviewing the aggravating and mitigating factors. He emphasized that the defendant aimed a firearm at six persons in the store and jeopardized their lives. The value of the *4 items stolen during the robbery was approximately $400,000.00 and the judge observed that this was a "significant economic loss." The items were recovered with the assistance of the defendant's co-defendant, Johnson. Conversely, the record does not reflect that the defendant assisted in the recovery of the stolen goods. At the time of the commission of the offense, the defendant was on probation under a suspended sentence of five years for a conviction of "larceny from a house" in Oklahoma. He had prior arrests for attempted rape and kidnapping in 1990 and robbery with a firearm in 1994. A stolen car was used in the attempt to flee the scene of the crime. The defendant then drove his mother's car in a dangerous, high speed chase that was unsuccessful. During the chase, Johnson fired two shots at the pursuers. The trial judge observed "you [Smith] were a principal, and to that extent you share equally to the extent of this robbery." La. R.S. 14:24. The defendant showed no remorse. In particular, the trial judge observed as follows:
Whether you [Smith] should receive less than he [Johnson] is a factor for me to consider based upon your involvement and his involvement, but it is not an absolute factor there; because he receives a twenty year sentence that you should receive less than he or more than he. You must stand on your own feet as you are today and receive your individual punishment recognizing your involvement and recognizing your past criminal conduct.
At the time of the offense herein, the authorized sentence for armed robbery was imprisonment at hard labor for not less than five and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.[4] The sentence of forty years is in the lower half of the sentencing range.
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that "[n]o law shall subject any person to... excessive ... punishment." (Emphasis added.) Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 02-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906. The court of appeal failed to apply this principle and fell into error. This sentence is within the thirty-five to fifty-year range this Court has found acceptable for first offenders convicted of armed robbery. State v. Thomas, 98-1144, p. 2 (La.10/9/98), 719 So.2d 49, 50; State v. Augustine, 555 So.2d 1331, 1332 (La.1990) and the cases cited therein. The trial court judge did not abuse his broad sentencing discretion.

DECREE
For the foregoing reasons, the decision of the court of appeal is reversed and the *5 sentence imposed by the trial court is reinstated.
REVERSED AND RENDERED.
JOHNSON, J., dissents.
NOTES
[*] Retired Judge Walter I. Lanier, Jr., assigned as Associate Justice Ad Hoc, sitting for Chief Justice Pascal F. Calogero, Jr., recused.
[1] This opinion sets forth the facts pertaining to the commission of the offenses in great detail.
[2] Judge Donald R. Johnson succeeded Judge Ralph E. Tyson after he was appointed to serve as a United States District Court Judge.
[3] La.C.Cr.P. art. 894.1.
[4] Pursuant to Acts 1999, No. 932, La. R.S. 14:64 was amended to increase the minimum sentence for armed robbery from five to ten years. This is a legislative expression of policy pertaining to the seriousness of the offense.