865 So.2d 149 (2003)
STATE of Louisiana
v.
Kenneth ROBICHEAUX.
No. 03-KA-1063.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*150 Jane L. Beebe, Gretna, LA, for Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. BoudreauxAppellate Counsel, Thomas J. ButlerCounsel of Record on Appeal, Joseph E. RobertsTrial Counsel, Assistant District Attorneys, Gretna, LA, for Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
The Defendant, Kenneth Robicheaux, appeals from his conviction of attempted armed robbery and attempted second degree murder and his respective sentences of 49½ years and 50 years imprisonment at hard labor to run concurrently. For the reasons which follow, we affirm.
On May 8, 2001, the Defendant, along with two other men, Lester Bourg and Michael Chambless, were charged by bill of information with one count of attempted armed robbery, in violation of La. R.S. 14:27, 64, and one count of attempted second degree murder, in violation of La. R.S. 14:27, 30.1. On May 9, 2001, the Defendant pled not guilty. On November 26, 2001, the Defendant's motion to suppress was heard and denied by the trial court. On January 10, 2002, a motion to sever was heard and granted. On April 10, 2002, the Defendant went to trial alone before a twelve person jury. Following trial, the Defendant was found guilty as charged on both counts. The defense filed a motion for new trial on April 22, 2002 which was heard and denied. On April 24, 2002, the Defendant was sentenced to 49 ½ years imprisonment on count one and 50 years imprisonment on count two, both at hard labor and concurrent. The defense objected to the sentences and filed a motion for appeal which was granted. On appeal, the Defendant assigns two errors.

*151 FACTS

The victim, Marilyn Dwyer (Dwyer), was the manager of the Rainbow Motel on Grand Isle. She received a telephone call from a man identifying himself as "Jimmy Landry," asking her about renting a block of rooms for a week and negotiating a discount. He said he would come by in about 20 minutes. At approximately 3:40 p.m., Dwyer was in her apartment on the motel premises and she heard a car door slam. She went to her front door and a man was standing there who identified himself as "Jimmy Landry." The man asked Dwyer if her husband was home. When she responded that he was not, the man, later identified as the Defendant, pulled out a gun and tried to force Dwyer into the apartment. She struggled with the Defendant and as she was squatting down, the gun, pointing toward her face, went off near her head. She kicked the Defendant and ran. Her shirt was torn off in the struggle. When she got to the bottom of the stairs she saw the two other men, whom she recognized as cousins of her ex-husband. Dwyer ran to her neighbor's house and the neighbor telephoned the police.
Sergeant Keeland Cheramie of the Grand Isle Police Department testified that upon responding to a call concerning shots being fired, he arrived at the Rainbow Motel and spoke with Dwyer. She was hysterical but able to describe the truck driven by the Defendant. Sergeant Cheramie forwarded the truck's description to the Harbor Patrol. He found a single shell casing at the scene and later from Dwyer obtained a description of the suspects as well as her identification of Bourg and Chambles.
Lieutenant Lawrence Terry with the Harbor Police testified that he stopped a truck based on the description provided by Sergeant Cheramie and the Defendant was in it. He asked the Defendant and the passengers to get out of the truck. He did not see them throw anything out of the vehicle. Sergeant Cheramie arrived on the scene and found a wig and a gun on the side of the road where they had been stopped. Another wig and black shirt matching the description given by Dwyer were found in the truck which was registered to Chambles. The Grand Isle police, including Sergeant Cheramie, collected the evidence.
Timothy Scanlan, qualified as an expert in the field of firearms identification, found that it was not conclusive that the casing found at the motel was fired from the gun found near the truck stop. He could only state that it was fired from the same type of gun.
Finally, the State called Davidson Ehle (Ehle) as a witness. Ehle was the defense attorney for Bourg. He testified that at an earlier motion hearing he observed his client seated next to the Defendant and further observed the Defendant writing something and handing it to Bourg, who gave it to Ehle. The paper appeared to be a handwritten statement from the Defendant exonerating Bourg and Chambles from the crime. In the note, the Defendant stated that he had hitched a ride with them, because he knew they were on their way to Grand Isle to buy seafood. He further stated that he needed to pick up some money from a man who owed it to him. His statement claimed that neither Bourg nor Chambles knew what happened at the motel. It was purportedly signed by the Defendant.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error the Defendant argues that there was insufficient evidence to support his conviction for the offense of attempted armed robbery. More particularly, the Defendant argues *152 that although the evidence may show that he went to the victim's hotel with a gun, pointed it at her and it went off in a struggle, that does not suffice to establish proof of armed robbery beyond a reasonable doubt. Further, absent proof of the underlying felony, there was insufficient evidence to support the conviction for attempted second degree murder.
The State concedes that the evidence was circumstantial, but argues that it was sufficient. The Defendant pre-arranged the meeting by telephone, found out that her husband was not home, pulled out a gun, tried to push her inside the house and admitted that he was going to get money.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Juluke, 98-0341 (La.1/8/99), 725 So.2d 1291; State v. Williams, 99-223 (La.App. 5th Cir.6/30/99), 742 So.2d 604. When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 requires that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
This statutory test works with the Jackson constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury. State v. Neal, 00-0674 (La.6/29/01), 796 So.2d 649. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Williams, 99-223 (La.App. 5th Cir.6/30/99), 742 So.2d 604.
Armed robbery is defined in La. R.S. 14:64 as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another by use of force or intimidation, while armed with a dangerous weapon."
La. R.S. 14:27, defining "attempt" provides in pertinent part: "Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended."
In this case the State proved that the Defendant's actions were premeditated, because he called the victim before he arrived at the motel. He was in disguise. He came to the door and inquired about the presence of the victim's husband. When he discovered that the victim was alone, he pulled out a gun and pointed it at her stomach and tried to get her back into the house. The victim struggled and the gun discharged. The victim was able to escape. The Defendant admitted in the note which he wrote that he wanted a ride to the motel to get money. The use of a gun evidences the intent to use force to get the money. Considering the admitted evidence and viewing it in a light favorable to the State, we find that the direct and circumstantial evidence was sufficient to support a finding by a rational trier of fact beyond a reasonable doubt that the Defendant was guilty of the offense of attempted armed robbery.
The Defendant also argues that absent proof of the felony, there was insufficient evidence to support the conviction for attempted second degree murder. Based on the above, however, this argument has no merit because we did find sufficient evidence of the felony. Nevertheless, we also *153 point out that the record establishes that the Defendant aimed a loaded gun at Dwyer's face and pulled the trigger, only missing her because she jerked her head to one side just before the discharge. In our view, this evidence satisfied the requirements of attempted second degree murder, even in the absence of proof of the felony. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error the Defendant argues that the sentences imposed are constitutionally excessive. The defense argues that the facts supporting the offense along with the Defendant's prior criminal history do not warrant the imposition of the maximum sentence for each offense. Moreover, the Defendant argues that since the record shows that the Defendant did not fire a second shot to stop the victim from escaping, it evidences that the shot was fired by accident. Therefore, the maximum sentences imposed are excessive.
The State argues to the contrary that the sentence is not excessive considering, as did the trial judge, that the Defendant endangered human life by attempting his crimes armed with a gun and by discharging the gun very near the victim's head.
The Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that "[n]o law shall subject any person to ... excessive ... punishment." Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. Id. A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. Smith, 01-2574 at 6, 839 So.2d at 4. On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion. Smith, 01-2574, at 6-7, 839 So.2d at 4.
In the present case, the offense of armed robbery carries a sentencing range of not less than ten years and not more than 99 years, without benefit of parole, probation or suspension of sentence. La. R.S. 14:64(B). The attempt provision provides in pertinent part that the Defendant shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted. La. R.S. 14:27(D)(3). Thus, in this case, the maximum sentence to which the Defendant could be sentenced for attempted armed robbery was 49½ years. Defendant was sentenced to the maximum sentence.
The offense of second degree murder prescribes a sentence of life in prison. La. R.S. 14:30.1(B). The attempt provision provides in pertinent part that if the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:27(D)(1). Thus, the maximum sentence for the offense of attempted second degree murder was 50 years. The Defendant was sentenced to the maximum sentence for this offense.
In sentencing the Defendant the trial court provided reasons noting that it was basing the sentence upon consideration of *154 the guidelines set forth in La.C.Cr.P. art. 894.1. The trial court noted that the Defendant created a risk of death or great bodily harm to the victim during the commission of the offense and that the Defendant had used a dangerous weapon during the offense. The trial court noted that the weapon was discharged during the perpetration of the crime. The trial court also considered the Defendant's prior record which included a previous violent felony conviction in 1975 for second degree murder. Finally, it is noted that the trial court ordered that they be served concurrently. Thus, the Defendant's sentence is one-half as long as it could have been. Based on the above factors, we find no abuse of the trial judge's sentencing discretion in imposing the maximum sentence for each offense and ordering that they run concurrently. This assignment of error has no merit.

PATENT ERROR REVIEW
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The review reveals no errors.
For the foregoing reasons, the convictions of the Defendant for attempted armed robbery and attempted second degree murder and the imposed sentences of 49½ years and 50 years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, respectively, to run concurrently, are affirmed.
AFFIRMED.