952 So.2d 672 (2007)
STATE of Louisiana
v.
William RILEY.
No. 2007-KK-282.
Supreme Court of Louisiana.
March 28, 2007.
WRIT GRANTED.
The finding of contempt is affirmed. However, under the circumstances, the six-month sentence imposed by the trial court is set aside as excessive. The case is remanded to the trial court for re-sentencing.
TRAYLOR, Justice, concurring in part and dissenting in part from the granting of the writ.
I agree with the majority that the finding of direct contempt under La.C.Cr.P. art. 21 should be affirmed. Under the circumstances presented here, the defendant engaged in contumacious, insolent, or disorderly behavior toward the judge which tended to interrupt or interfere with the business of the court or to impair its dignity or respect for its authority. La. C.Cr.P. art. 21(5).
However, I dissent from the majority's finding that the sentence imposed by the trial judge is excessive and that the matter be remanded to the trial court for re-sentencing. The penalty for a direct contempt of court is set forth in La.C.Cr.P. art. 25 as "a fine of not more than five hundred dollars, or by imprisonment for not more than six months, or both." La. *673 C.Cr.P. art. 25(B). The defendant in this matter was sentenced to a six-month sentence.
A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. A trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion. State v. Smith, 2001-2754 p. 6 (La.1/14/03), 839 So.2d 1, 4. In sentence review, the only relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. Id. Considering the actions of the defendant, in full view of the judge, the attorneys, spectators and other defendants in the courtroom, I do not find that the trial court abused his broad discretion in imposing this sentence. I would, instead, deny the defendant's writ.
Moreover, the trial court has already indicated what sentence it feels the defendant's actions merit. If the majority finds that the sentence imposed was excessive, it should impose a new sentence and not require the trial court to undo what it has already done in a considered manner.