972 So.2d 1193 (2007)
STATE of Louisiana, Appellee
v.
Termaine Deon CUNNINGHAM, Appellant.
No. 42,831-KA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2007.
*1194 Louisiana Appellate Project, by Carey J. Ellis, III, for Appellant.
Paul J. Carmouche, District Attorney, William Jacob Edwards, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before PEATROSS, MOORE and LOLLEY, JJ.
MOORE, J.
Termaine Deon Cunningham appeals his concurrent sentences of 23 years, 11 years and 9 years at hard labor, following his trial and conviction on two counts of simple burglary and one count of illegal possession of stolen things valued at over $500, and his adjudication as a fourth felony offender on one of the simple burglary convictions. We affirm.
On Sunday morning, August 14, 2005, a group of men gathered for softball practice at Southern Hills Park in southwest Shreveport. They parked their vehicles in a lot visible from the field. During practice, one of the players noticed a person rummaging through a team member's Ford Explorer. Several of the players hurried to the parking lot, some 400 feet away, to stop the defendant. The defendant started to climb into a black 2005 Ford Expedition, but one of the players physically dragged him out and another sat on him while a third phoned the police. Shreveport Police Corporal J.P. Creighton arrived, arrested, Mirandized and searched him. The players had already recovered from the defendant's person a wallet and a bottle of cologne taken from one team member's Chevrolet Silverado; Cpl. Creighton allowed the owner to keep these items.
On the defendant's person, Cpl. Creighton found a single key with tag indicating *1195 the Expedition had come from Rountree Ford. Personnel at Rountree had not noticed the SW missing until the police called; a co-owner of the dealership testified that it had just been delivered and was not yet on the lot for sale. He added that it was a midline model with an invoice price of $36,000 and an MSRP of $40,000.
Once in custody, the defendant told Cpl. Creighton his name was Tyrone Ealy, gave him three different birth dates, and said he lived on Quinton Street; however, another officer checked that address and found it was not where the defendant lived. The defendant also said that the Expedition belonged to his 16-year-old brother, who worked at Rountree Ford.[1] Only later did officers find that the defendant's name was Termaine Deon Cunningham.
Cunningham was charged by bill of information with illegal possession of stolen things valued at over $500 (the Ford Expedition) and two counts of simple burglary (breaking into the 1992 Ford Explorer and 1998 Chevy Silverado in the Southern Hills parking lot). He proceeded to a three-day trial in May 2006, after which the sixmember jury unanimously found him guilty as charged on all counts.
The state then charged Cunningham as a fourth felony offender, citing (1) a 1998 guilty plea to simple burglary, (2) a 1998 guilty plea to unauthorized use of a motor vehicle, and (3) a 2004 guilty plea to illegal possession of stolen things. At a hearing in December 2006, the state amended the bill to specify that the enhancement would apply to only one charge of simple burglary. After receiving evidence, the district court adjudicated Cunningham a fourth felony offender.
After a hearing in January 2007, the court sentenced Cunningham to 23 years at hard labor as a fourth offender on one count of simple burglary, to 11 years at hard labor on the other count of simple burglary, and to 9 years at hard labor on the illegal possession of stolen things. The court specified that all three sentences were to be concurrent, but consecutive to any other sentences Cunningham may be serving. The court also stated that all sentences were to be without benefit of probation or suspension of sentence, but subject to parole if he was otherwise eligible. The court later denied a motion to reconsider sentence; this appeal followed.
By one assignment of error, Cunningham urges the court erred in imposing an unduly harsh and excessive total sentence of 23 years. He submits that all items taken in the car burglaries were returned to their rightful owners, resulting in no permanent loss, and that his three prior felonies were not crimes or violence or drug-related. He contends that the 23-year sentence for him, a 28-year-old offender, makes no reasonable contribution to acceptable penal goals.
The state responds that the sentence imposed was only three years above the mandatory minimum for simple burglary enhanced to a fourth felony offense. It submits that the sentence does not shock the sense of justice "in light of the fact that the criminal justice system will get some long-term relief from this defendant."
Appellate review of sentences for excessiveness is a two-pronged inquiry. First, the record must show that the sentencing *1196 court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. Woods, 41-420 (La.App. 2 Cir. 11/1/06), 942 So.2d 658, writ denied, XXXX-XXXXXXXXXX (La.6/22/07), 959 So.2d 494. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982). The court is not required to assign any particular weight to any specific matters at sentencing. State v. Quiambao, 36,587 (La.App. 2 Cir. 12/11/02), 833 So.2d 1103, writ denied, XXXX-XXXX (La.5/16/03), 843 So.2d 1130.
Here, the court stated that it had reviewed the presentence investigation report ("PSI") and the Art. 894.1 guidelines, particularly noting Cunningham's lengthy criminal history of same or similar offenses. This may be no paragon of Art. 894.1 compliance, but having presided over the trial on the merits and the multiple offender hearing the court obviously had a full grasp of the facts of the offense and the offender's background. We find an adequate factual basis for the sentence imposed.
The second prong is constitutional excessiveness. A sentence violates. La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1528 (La.5/16/00), 769 So.2d 1158. The habitual offender law has been found constitutional in its entirety, and the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Thomas, 41,734 (La.App. 2 Cir. 1/24/07), 948 So.2d 1151, writ denied, XXXX-XXXX (La.10/12/07), 965 So.2d 396. The burden is on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional. To do so, the defendant must
clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Johnson, at p. 8, 709 So.2d at 676; State v. Henry, 42,416 (La.App. 2 Cir. 9/19/07), 966 So.2d 692. Critically, the district court may not rely solely on the nonviolent nature of the instant or past crimes as evidence to justify rebutting the presumption of constitutionality. The lack of violence cannot be the only reason, or even the major reason, for declaring such a sentence excessive. State v. Johnson, at pp. 7-8, 709 So.2d at 676; State v. Henry, supra.
The penalty for simple burglary is imprisonment with or without hard labor for no more than 12 years, a fine of not more than $2,000, or both. La. R.S. 14:62 B. As a fourth felony offender convicted of simple burglary, Cunningham faced a minimum sentence of 20 years and a maximum *1197 of life, at hard labor and without benefit of probation or suspension of sentence. La. R.S. 15:529.1 A(1)(c)(i), G. His sentence of 23 years, while long, is at the low end of this range. His PSI discloses a long list of prior offenses and criminal charges. Notably, he had one brief period of probation in 1998 which was revoked because he committed another offense, and on three prior occasions he was released from custody on parole only to have this revoked for noncompliance with conditions or for committing another offense. Tellingly, he has been charged at least five times with either unauthorized use of a movable or of a motor vehicle. For most of his life, he has been in state custody or had criminal charges pending against him. The PSI also shows that Cunningham, 26 years old at the time of the offense and 28 at sentencing, has no work history whatsoever, Finally, he had been released from prison on parole only one month before committing the instant offenses, and he gave police false information when he was arrested.
On this record, we simply cannot say the sentence shocks the sense of justice, is grossly disproportionate to the offense and the offender, or evinces a legislative failure to assign meaningful sentences. The assigned error lacks merit.
Finally, we have reviewed the entire record pursuant to La. C. Cr. P. art. 920(2) and find nothing we consider to be error patent. For the reasons expressed, Termaine Deon Cunningham's convictions, fourth offender adjudication and sentences are affirmed.
AFFIRMED.
NOTES
[1] Corporal Creighton's offense report and trial testimony both referred to the owner as Champion Ford, but the dealership is now known as Rountree Ford.