STEWART, J.
 

 |, The defendant, Robert L. Morgan, was convicted of purse snatching and received the maximum sentence of 20 years at hard labor. He filed and was granted an “out of time” appeal, by which he seeks review of his sentence. Finding no abuse of discretion by the trial judge, we affirm.
 

 FACTS
 

 On June 6, 2006, the defendant’s mother, Barbara Moi’gan, called the Ouachita Parish Sheriffs Office to report a missing vehicle belonging to her companion, Hardy Wilson. The vehicle was a maroon 2000 GMC Sierra truck with license plate number V667890.
 

 Around 11:00 that evening, the defendant approached Summer Camargo in the parking lot of a Wal-Mart and asked to use her cell phone. She allowed him to do so and observed him attempt to make calls. When he handed the phone back to her, he asked if she thought anyone would hear her scream. He then grabbed her purse and threatened to hit her if she did not give it to him. The purse strap broke, and the defendant ran off with the purse to his vehicle, a maroon 2000 GMC truck. Camargo called the police. She described the vehicle and identified the license plate number as V667890.
 

 Shortly after, a state trooper saw a truck matching the description, began following it, and called for backup. The defendant led law enforcement on a high speed chase for over 20 minutes in the Monroe area that ended when he crashed
 
 *1291
 
 into Bayou DeSiard. The defendant eluded capture by hiding, but he was located the next day and arrested after |2attempting to flee on foot. The contents of Ms. Camargo’s purse were found in the truck.
 

 The defendant was charged by bill of information with unauthorized use of a motor vehicle, aggravated flight from an officer, and purse snatching. The bill also included a theft charge, which the state did not pursue. The defendant was tried before a jury on the other three charges. The jury found the defendant guilty as charged of purse snatching and not guilty on the remaining charges. After reviewing a pre-sentence investigation (“PSI”) report and the facts of the incident, the trial judge imposed the maximum sentence of imprisonment at hard labor for 20 years. The defendant was given credit for time served, but the sentence is to run consecutively to any other being served.
 

 The defendant’s “out of time” motion for reconsideration of his sentence was denied. In this appeal, he argues that his sentence is excessive and that the trial judge improperly considered the facts of the charges for which he was found not guilty.
 

 DISCUSSION
 

 The defendant’s failure to timely file a La. C. Cr. P. art. 881.1 motion to reconsider sentence limits our review to the bare claim that the sentence is constitutionally excessive.
 
 State v. Mims,
 
 619 So.2d 1059 (La.1993). Thus, we must determine whether the sentence of 20 years’ imprisonment at hard labor is illegal, grossly disproportionate to the severity of the offense so as to be shocking to the sense of justice, or nothing more than a needless ^infliction of pain and suffering.
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Livingston,
 
 39,390 (La.App. 2d Cir.4/6/05), 899 So.2d 733.
 

 A sentence that is within the statutory limits is subject to review for constitutional exeessiveness.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1. However, a trial judge has broad discretion when imposing a sentence, and the trial court’s sentence is not to be set aside on appeal absent a manifest abuse of discretion.
 
 Id.
 
 The issue on review is not whether another sentence is more appropriate, but whether the trial court abused its sentencing discretion.
 
 Id.
 

 In sentencing this defendant, the trial judge considered the facts related to the offense, the defendant’s extensive criminal history and personal background, as well as the guidelines of La. C. Cr. P. art. 894.1. The defendant had five prior felony convictions and an extensive history of misdemeanor violations. As noted by the trial judge, the defendant chose a life of criminal activity and failed to respond to his prior incarcerations and probation by modifying his behavior. The defendant dropped out of school after completing eighth grade. He obtained no additional education or training, and he had a limited work history. He became a user of cocaine and marijuana. The trial judge observed that the defendant’s criminal conduct and actions exhibit “an utter disregard for the law.”
 

 The trial judge also considered the facts of the defendant’s unauthorized use of a vehicle and aggravated flight from an officer, while making it clear that the defendant was not being punished for these offenses. The trial judge noted that the defendant engaged officers of several different |4agencies “in a high speed pursuit that placed their lives and lives of innocent bystanders in extreme jeopardy.” Though the defendant was acquitted by the jury of these two charges, the trial judge found that “the evidence of his guilt
 
 *1292
 
 was overwhelming.” We agree. The jury’s verdict, especially as to the aggravated flight charge, defies all reason. However, the jury’s verdict does not preclude the trial judge from considering the full measure of defendant’s conduct as an aggravating factor in devising the sentence. Prior criminal activity is a factor that may be considered by the trial court when sentencing a defendant and such activity is not limited to convictions.
 
 State v. Washington,
 
 414 So.2d 313 (La.1982);
 
 State v. Brown,
 
 410 So.2d 1043 (La.1982);
 
 State v. Berry,
 
 630 So.2d 1330 (La.App. 4th Cir.1993). Even unadjudicated prior criminal offenses may be considered as aggravating factors at sentencing if the record shows guilt by a preponderance of the evidence. The evidence of record easily establishes the defendant’s guilt of aggravated flight from an officer by a preponderance of the evidence.
 

 The trial judge noted as additional aggravating factors that the defendant committed a crime of violence (purse snatching), that he showed no remorse for his conduct, and that he offered no apology to the victim of his crime. There were no mitigating factors. Lastly, the trial judge found there to be an undue risk that the defendant would commit another crime if given the benefit of a suspended sentence or probation. He believed that the defendant was in need of correctional treatment in a custodial environment and that a lesser sentence would deprecate the seriousness of the crime.
 

 We find no abuse of the trial court’s broad sentencing discretion in this matter. Even without considering the aggravated flight offense, the trial judge provided ample support for the sentence imposed. Considering the defendant’s criminal history and his failure to amend his ways given the past opportunities he has had to do so, we cannot say that this maximum sentence is constitutionally excessive.
 

 CONCLUSION
 

 Finding no abuse of discretion on the part of the trial court in imposing the sentence of imprisonment for 20 years at hard labor, we affirm.
 

 CONVICTION AND SENTENCE AFFIRMED.