*1122
 
 BROWN, Chief Judge.
 

 | defendant, John E. Jackson, was charged by an amended bill of information with possession of cocaine, possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, possession of methamphetamine with intent to distribute, and aggravated flight from an officer, all offenses taking place on July 22, 2006. A jury found him guilty on all counts. The court imposed concurrent and consecutive sentences amounting to 37 years at hard labor.
 
 [1]
 
 Defendant now appeals. Defendant’s convictions and sentences are affirmed.
 

 Facts
 

 Officer Dean Baugh and Officer Jeremy Kent from the Monroe Police Department attempted to stop defendant because of a traffic violation; however, defendant fled and was pursued in a high speed chase through a residential neighborhood. Defendant drove his car at 70 m.p.h. through children’s play zones and residential yards, finally stopping in a field. He then abandoned his vehicle and fled on foot. Officer Baugh was able to corner defendant under a car, and when defendant refused to come out, the officers were forced to use pepper spray. Once defendant was removed from under the car, he was read his
 
 Miranda
 
 rights and searched. The ^search was performed by Officer Craig. Honeycutt, who found a small bag of cocaine and $2,201 in cash on defendant’s person.
 

 Defendant was arrested and transported to the Ouachita Correctional Center. Defendant later confessed that the cocaine belonged to him. A passenger in defendant’s car, Audrey Hannon, gave the police the address of defendant’s family home, 3913 Carver Avenue, and told them that she had seen defendant’s stash of drugs in one of the bedrooms. Defendant admitted to the police that he had a key to the house and had been there the day before his arrest, but said he did not reside there. Upon arriving at the address the officers obtained consent to search the home from one of the residents, James Jackson. Once inside the home, the officers found crack cocaine, methamphetamine, cocaine, and marijuana stuffed inside a recliner in the bedroom referred to by Ms. Hannon.
 

 Discussion
 

 Jury Venire
 

 Prospective juror Sammie Staten allegedly told three other members of the Panel Two venire, Casey Tripp, Shannon Wise, and Timothy Lewis, that defendant “had a rap sheet as long as his arm and he’s been in trouble his whole life. [Staten] doesn’t know why he’s having a trial.” Tripp immediately reported these remarks to the court, prompting defense counsel to move to have the entire Panel Two venire quashed. The court questioned Wise and Tripp. Wise told the court that the remarks had been made to two or three other people, and that there were other members of the venire panel in the hall but they weren’t listening. Tripp stated that “there were other |speople that were walking to and from the bathroom but they-if they caught any part of that con
 
 *1123
 
 versation it was just a few words.” The court then spoke to Staten and asked him what he had told the other jurors and who might have heard him. Staten stated that he had said what he knew about defendant from growing up with him.
 

 Tripp, Wise, and Staten were all told not to mention the prejudicial remarks to the other potential jurors. Lewis was not examined because he had already been removed by a peremptory challenge before the remarks were reported. The trial court denied the motion to quash the entire panel, but Tripp, Wise, and Staten were excused for cause. Thus, the only remaining members of the Panel Two veni-re who could have heard the comments were Paula Gates and Grace King, both of whom served on the jury. The court, the state, and defense counsel discussed the matter and the defense declined to have Gates and King examined:
 

 Mr. Anderson: And Mr. Walker had made a motion to quash the entire panel and then that was denied, and then made a motion for mistrial which was denied and I just wanted to make clear that the opportunity existed for us to question those two remaining witness— two remaining jurors. I think it was Ms. Watson maybe — I may have mixed them up.
 

 The Court: I understand.
 

 Mr. Anderson: But those two remaining jurors but that has not been done, nor was it requested.
 

 The Court: I agree. The record will reflect — I don’t know if the record reflects that but that’s what happened so now the record will reflect it. If I’m correct, Mr. Walker, you declined to insist upon a re-examination of those two?
 

 Mr. Walker: Right. I’d already made my motion on grounds that I wanted.
 

 |/There is no indication from the record that either Gates or King heard the remarks. Tripp, Wise, and Staten all reported that they did not believe anyone else heard Staten’s comments. The defense could have examined Gates and King, but chose not to do so. In addition, the court instructed the jury at the beginning of the trial not to discuss the trial stating, “do not permit any person to discuss the case in your presence and if anyone does so despite your telling that person not to, report that fact to the court as soon as you can.” The court also instructed the jury at the close of trial on the presumption of innocence.
 

 A petit jury venire “shall not be set aside for any reason unless fraud has been practiced, some great wrong committed that would work irreparable injury to defendant, or unless persons were systematically excluded from the venires solely upon the basis of race.” La. C. Cr. P. art. 419.
 

 Defendant bears the burden of proving the grounds for setting aside the venire.
 
 State v. Carmouche,
 
 01-0405 (La.05/14/02), 872 So.2d 1020;
 
 State v. Lee,
 
 559 So.2d 1310 (La.1990),
 
 cert. denied,
 
 499 U.S. 954, 111 S.Ct. 1431, 113 L.Ed.2d 482 (1991).
 

 The defense failed to meet its burden of proving that this particular venire panel should have been set aside because no showing of prejudice has been made, much less a showing that the prejudice was so severe a fair trial was impossible. Therefore, the trial court did not abuse its discretion in failing to set aside this particular venire panel.
 

 | ^Defendant next contends that he was prejudiced because he used peremptory challenges on jurors who could have been challenged for cause, including Lewis and all of the Panel Two jurors who were dismissed by a peremptory challenge. The defense, however, did not ask to chai-
 
 *1124
 
 lenge the prospective jurors for cause. Therefore, the trial court was not given the opportunity to deny the challenge, erroneously or otherwise.
 

 Excessive Sentence
 

 The defense argues that defendant’s sentence is grossly disproportionate to the severity of the crime, and serves no useful purpose. The defense argues that defendant is 55 years old and a 37-year sentence amounts to a life term.
 

 The trial court considered defendant’s extensive criminal history, spanning thirty-three years, with four felonies and three pending cases at the time of sentencing. The court noted that the only significant break in defendant’s criminal activity was a fifteen-year term he spent in prison. The court concluded that, “[t]he criminal record is the main factor that has resulted in me imposing the maximum sentences that may be imposed in connection with these cases.... ”
 

 The trial court throughly articulated the factual basis for sentencing when he outlined defendant’s substantial criminal activity over the past three decades. It is clear from the record that defendant is a career criminal. He spent fifteen years in prison for the distribution of drugs only to be arrested four years after his release for the instant offenses, which include possession with intent to distribute cocaine, marijuana, and | (¡methamphetamine. Though defendant’s age may be a mitigating factor, it is outweighed by defendant’s refusal to adhere to the law. Further, three 30-year sentences were ordered to be served concurrently. The concurrent and consecutive sentences are not constitutionally excessive, and do not shock the sense of justice. The trial court did not abuse its discretion.
 
 State v. Smith,
 
 01-2574 (La.01/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980).
 

 Conclusion
 

 For the foregoing reasons, defendant’s convictions and sentences are affirmed.
 

 [1]
 

 . Defendant was sentenced to five years at hard labor on count one (possession of cocaine); thirty years at hard labor on each "possession with intent to distribute” count (count two-possession of cocaine with intent to distribute-the first two years to be served without benefits; count three-possession of marijuana with intent to distribute; and count four-possession of methamphetamine with intent to distribute); and two years at hard labor on count five (aggravated flight from an officer). Counts two, three, and four were ordered to run concurrently; counts one and five are to run consecutively to each other and to the thirty-year concurrent sentence imposed on the "possession with intent to distribute” counts, for a total sentence of thirty-seven years.