BROWN, Chief Judge.
| initially charged by bill of information with attempted second degree murder, defendant, Anthony Dewayne Tillman, pled guilty to attempted manslaughter, a violation of La. R.S. 14:27 and 14:31. He was subsequently sentenced to 19 years’ imprisonment at hard labor. Defendant appealed. We affirm defendant’s conviction and sentence.

Discussion

Defendant asserts that his 19-year hard labor sentence is excessive. According to defendant, the trial court primarily focused on his prior criminal history in determining his sentence. In doing so, the trial court failed to address the extent that the sentence would entail a hardship upon him or his family. Defendant notes that he accepted responsibility for his actions, expressed remorse, and apologized for his actions. Defendant points out that he did not intend to kill the victim. According to defendant, mitigating factors should have been given more consideration by the trial court.
A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.01/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166. The trial judge is given wide discretion in imposing sentences within the statutory limits, and the sentence imposed by *1249 him should not be set aside as excessive in the absence 1 aof a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7.
The maximum penalty for manslaughter is 40 years’ imprisonment at hard labor. La. R.S. 14:31(B). The maximum penalty for attempted manslaughter is 20 years’ imprisonment at hard labor. La. R.S. 14:27(D)(3).
During the sentencing hearing, the trial judge carefully noted the information contained in the PSI as well as the factors set forth in La. C. Cr. P. art. 894.1 in determining defendant’s sentence.
On December 28, 2010, at approximately 2:00 a.m., Cocelia Davis was traveling east on Interstate 20 from Shreveport to Bossier City. Ms. Davis had been staying at her father’s house in Shreveport because she and defendant, her boyfriend at the time, had a confrontation, and defendant had threatened to kill her. Ms. Davis had to go to work so she decided to stop by her home in Bossier City prior to reporting to her job that day.
As she was driving on 1-20, Ms. Davis noticed a vehicle pull up beside her; she saw that defendant was driving that car. At that time, defendant rammed his car into Ms. Davis’s vehicle. Ms. Davis exited 1-20 at the Traffic Street exit in Bossier City; defendant also exited and rammed Ms. Davis’s car two or three more times. The final time defendant rammed into Ms. Davis’s car, it flipped onto its side. Ms. Davis was able to get out of her car and run to the Horseshoe Casino where she told casino security that her boyfriend, defendant, was trying to kill her. Horseshoe Casino security contacted the Bossier City Police.
|sThe officers went to the Traffic Street exit at 1-20. There, they found Ms. Davis’s disabled vehicle near the fence at Red River Chevrolet. Another disabled, damaged vehicle was located a short distance away. Ms. Davis advised the officers that defendant had been driving the second vehicle. The officers also noted that a utility pole had been knocked down.
Thereafter, Detective B.J. Sanford found defendant at a nearby Valero station. Defendant agreed to go to the Bossier City Police station to talk -with Det. Sanford. During the interview, defendant admitted to Det. Sanford that he rammed Ms. Davis’s vehicle, but denied that he intended to kill her. According to defendant, he was just trying to get Ms. Davis’s attention.
A bill of information was filed charging defendant with attempted second degree murder.[1] A jury was impaneled before defendant and the state reached a plea agreement. On September 13, 2011, pursuant to the agreement, defendant was allowed to plead guilty to the responsive charge of attempted manslaughter. The state agreed not to file a habitual offender bill of information against defendant, and another pending charge was dismissed.
Defendant filed a motion to withdraw his guilty plea which the trial judge denied. At the sentencing hearing, the trial judge noted that he had reviewed the presen-tence investigation report and the facts of the case. The judge noted that Ms. Davis told police that there had been a long history of domestic violence between her and defendant and that the day before the | incident, defendant had called her and told her that he was going to kill her. The judge found that defendant’s version of the events, that he accidentally bumped the victim’s vehicle, was “totally impossible,” *1250 and it showed that defendant lacked remorse for his actions. The trial judge considered defendant’s use of a dangerous weapon during the commission of the crime. The trial judge reviewed defendant’s criminal history, which he characterized as “extensive.” Defendant had previous felony convictions for attempted simple robbery in 2000 and possession with intent to distribute marijuana in 2006. Additionally, defendant had numerous misdemeanor and felony arrests. Defendant’s misdemeanor convictions included domestic abuse battery and criminal mischief. The trial judge noted that defendant was arrested for felony stalking[2] while on bond for the instant charge and that this charge involved the same victim.
The trial court noted defendant’s social history. He was 33 years old, had a ninth grade education and a spotty work history. The trial judge also considered the significant economic loss by the victim.[3]
The mitigating factors included the fact that the victim was not seriously injured and defendant’s prior completion of two probationary periods.
[¿Given defendant’s history, the facts of the case, and the reduction in his potential sentencing exposure, this 19-year sentence is not excessive by constitutional standards. While this sentence is in the upper range for this offense, there is no showing that the trial court abused its discretion.

Conclusion

For the reasons set for above, defendant’s conviction and sentence are affirmed.

. Defendant was initially charged with attempted first degree murder.

. Once defendant was sentenced, the state indicated that it was entering a nolle prosequi with regard to the pending charge of felony stalking.

. Damage to the victim's vehicle and costs of impoundment were approximately $2,700. Additionally, the City of Bossier was owed $2,000 for the damaged light pole.