Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,622-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

ATARI P. WOODS                              Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 24CR34867

Honorable Amy Burford McCartney, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Chad Ikerd

ATARI P. WOODS                       Pro Se

CHARLES BLAYLOCK ADAMS               Counsel for Appellee
District Attorney

EDWIN L. BLEWER, III
PAMELA ROXANNE MOSER
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and ELLENDER, JJ.

**STONE, J.**

This appeal arises from the Forty-Second Judicial District Court, the Honorable Amy Buford McCartney, presiding. In an amended bill of information, Atari P. Woods ("Woods") was charged with three counts of felony drug possession that include: possession with the intent to distribute a Schedule II CDS, a violation of La. R.S. 40:967(A)(1) and (B)(1)(a); possession of a Schedule II CDS less than two grams, a violation of La. R.S. 40:967(C)(1); and introduction of contraband into a penal institution, a violation of La. R.S. 14:402. Woods pled guilty to introduction of contraband into a jail in exchange for the state's dismissal of the remaining felony charges. Woods was thereafter sentenced to 10 years at hard labor and this appeal followed.

## FACTS

On June 25, 2024, Narcotics agents with the DeSoto Parish Sheriff's Office assisted probation and parole with a home check after being informed that Woods was involved in drug distribution.[1] When officers arrived to conduct the check, Woods was the only individual at the residence. Notably, this residence was not registered with the state probation and parole office, however, a tip from a confidential informant revealed that Woods was living there. During the search, deputies found drugs in a light fixture located in the kitchen and on Woods' person, and also drug paraphernalia.[2] As this was a probation violation, Woods was arrested and booked into the DeSoto

---

[1] At the time of this arrest, Woods was under the supervision of the office of probation and parole.

[2] Officers located a digital scale with narcotics residue on it.

Parish Detention Facility. Upon booking, more drugs were found in his pants pocket. Testing at the Shreveport crime lab determined that the drugs found at the residence, and in Woods' possession at the jail, were methamphetamine. Accordingly, he was charged with introduction of contraband into a penal facility.

The original bill of information charged Woods with one count of possession with intent to distribute; one count of possession of schedule II CDS less than two grams; one count of introduction (or sending) of contraband into a penal institution; and three counts of aggravated cruelty to animals.[3]

In the months leading up to trial, Woods filed a series of pro se motions with the court, most of which were not adopted by his appointed counsel, resulting in his presentation of argument for himself.[4] Woods' pro se motions were unsupported by Louisiana law and were all denied by the trial court. The matter proceeded to trial. During jury selection, Woods elected to plead guilty in exchange for the state dismissing two of the three felony charges and not filing a multi-bill against him. On January 28, 2025, Woods pled guilty to introduction of contraband into a penal institution. Sentencing was left to the trial court, and a presentence investigation report was ordered.

Prior to sentencing, Woods filed a pro se motion to withdraw his guilty plea, asserting that he did not consent to a presentence investigation

---

[3] On the property during the search, 3 small dogs were chained without food, water, or shelter. The dogs were in direct sunlight and extreme heat without access to shade. Woods claimed ownership of the dogs.

[4] Motions included: (1) a motion to quash the bill of information, (2) a motion to suppress, and (3) a motion to return seized property from the search.

report and desired a more amenable plea offer from the state. The motion was denied by the trial court, and Woods was thereafter sentenced to a maximum of 10 years at hard labor. The trial court further recommended Woods for substance abuse treatment. A motion to reconsider his sentence was denied by the trial court without hearing. Woods now appeals, asserting that his sentence is excessive.

## DISCUSSION

Woods filed a pro se brief asserting that (1) the trial court abused its discretion and (2) he received ineffective assistance of counsel. Because he waived his right to appeal by pleading guilty, his claims of abuse of discretion and ineffective assistance of counsel are pretermitted. In Woods' counseled brief, he asserts that his 10-year sentence is constitutionally excessive, under both state and federal constitutions, as it is shockingly disproportionate to the circumstances.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and whether the sentence is constitutionally excessive. *State v. Dowles,* 54,483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749, *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 20-00745 (La. 11/19/19), 282 So. 3d 1065. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provision. The trial court is not required to list every aggravating or mitigating circumstance, so long as the record reflects that it adequately considered the guidelines of the

3

article.  *State v. Smith*, 433 So. 2d 688 (La. 1983), *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151.

The Eighth Amendment of the United States Constitution and Article I § 20 of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment.  Although a sentence falls within statutory limits, it may be excessive.  *State v. Sepulvado*, 367 So. 2d 762 (La. 1979).  The appellate court must determine if the sentence is constitutionally excessive. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1.  To assess a claim that a sentence violates La. Const. art. I § 20, the appellate court must determine if the sentence is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.  *State v. Dorthey*, 623 So. 2d 1276 (La. 1993), *State v. Bonanno*, 384 So. 2d 355 (La. 1980).  A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.  *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166, *State v. Meadows,* 51, 843 (La. App. Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18) 254 So. 3d 1208.  The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion.  *State v. Williams,* 03-3514 (La. 12/13/04), 893 So. 2d 7.  On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.  *State v. Gaines,* 54,383 (La. App. 2 Cir. 2/22/23), 358 So. 3d 194, *writ denied*, 23-00363 (La. 6/21/23), 362 So. 3d 428; *State v. Tubbs*, 52,417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writ denied*, 20-00307 (La. 7/31/20), 300 So. 3d 404, *on recons.*, 20-

00307 (La. 9/8/20), 301 So. 3d 30, and *writ denied*, 20-00307 (La. 9/8/20), 301 So. 3d 30. Whoever commits the crime of introducing contraband into or upon the grounds of any correctional facility shall be imprisoned with or without hard labor for not more than ten years. La. R.S. 14:402(G)(1).

We find no abuse of discretion in the sentence imposed by the trial court. In sentencing Woods, the primary factors applied included: (1) Woods' extensive criminal history, (2) the undue risk that during a period of suspended sentence or probation, he would likely commit another crime, and (3) his substantial benefit as a result of his plea agreement. It is evident that Woods has not responded well to noncustodial treatment, a prime example being that he was under felony parole supervision at the time of his current arrest. Woods' probation has been revoked on three prior occasions for drug abuse. Although Woods completed drug treatment during a previous period of incarceration, he has almost always relapsed. Woods' repeated history of the same type of offenses over the years is significant and demonstrates his unwillingness to be rehabilitated. Lastly, Woods' presentence investigation report indicated that he was a seven-time offender, and without his plea agreement, his sentencing exposure would have been significantly higher.

To reiterate, the maximum number of years a defendant may be sentenced for introducing contraband into a penal institution is ten years. After thoroughly reviewing the 894.1 guidelines, Woods' plea agreement, and presentence investigation report, the trial court properly tailored a sentence specific to Woods. The sentence in this matter is not constitutionally excessive.

5

**CONCLUSION**

For the reasons discussed above, Woods' conviction and sentence of ten years at hard labor are affirmed.

**AFFIRMED.**