I, GAUD IN, Judge.
Michael Smith was convicted by a unanimous jury of aggravated rape of an eight-year-old boy and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. We affirm.
On appeal, Smith assigns these district court errors:
(1) the evidence was insufficient to convict him of aggravated rape where the only evidence of sexual penetration was his (Michael Smith’s) uncorroborated confession, and
(2) the sentence is unconstitutionally excessive.
Also, he asks this Court to search for errors patent.
ASSIGNMENT NO. 1
The victim in this case, called G.A. herein, testified that on June 16 th, 1996, he was watching television and about to fall asleep when Smith “put his hand over my mouth, pulled down my pants and tried to stick his weeny 12in my butt.”
G.A. said that Smith was “squishing” him and had his penis in his “bootie” for about one minute when his cousin, Joneita, walked into the room. Smith then fled. Joneita testified that she was babysitting for G.A. that night and that she walked into G.A.’s room and saw Smith jump off of the victim, fasten his pants and leave. Jo-neita said that both Smith’s and G.A.’s pants were partially pulled down.
Deputy Fred Yorsch of the Jefferson Parish Sheriffs Office testified that he took a statement from the ■ victim and a voluntary statement from Smith. Deputy Yorsch told the jury that Smith confessed that he grabbed G.A. and “took my pants off and started to put my penis in his bootie. I put my penis in his bootie and his sister walked in and I jumped.”
To be rape, in this case, there must have been proof beyond a reasonable doubt of some anal penetration, however slight. G.A.’s testimony along with Smith’s confession was sufficient to support this conviction, although we note that the testimony of a victim alone, unsupported by physical evidence, can be proof of rape. See State v. Alberto, 665 So.2d 614 (La.App. 5 Cir.1995), writs denied at 670 So.2d 1237 (La.1996).
No doubt here the jury believed the testimony of the eight-year-old victim.
ASSIGNMENT NO. 2
Although Smith’s trial attorney did not file a motion to reconsider sentence, we shall review the sentence imposed.
| ¡¡Smith was 16 years of age when he assaulted G.A. Two doctors testified at Smith’s trial, Drs. Rene Culver, a psychiatrist, and Frederick Sautter, a clinical psychologist.
Dr. Culver said that Smith had borderline mental retardation, in what Dr. Culver called “that gray zone.” Smith’s intelligence is below average, Dr. Culver stated, “but he is not in any obvious sense very mentally retarded.”
Dr. Culver was asked if Smith knew right from wrong when the crime was committed. Dr. Culver said: “As best I could determine, he did know right from wrong when it occurred.”
Dr. Sautter testified that Smith’s IQ was 67 but that he (Smith) did not consider Smith mentally retarded. Smith was, according to Dr. Sautter, “right on the edge, between retarded and just being in the very, very dull low average range.”
Smith, Dr. Sautter found, “is quite capable of knowing the difference between right and wrong.”
Smith argues that the life sentence is nothing more than a needless imposition of pain and suffering on a youthful, mentally challenged offender.
Smith received the only statutorily mandated sentence for one convicted of aggravated rape under the prevailing circumstances; nonetheless, Smith contends the trial judge should have deviated from the *105 required sentence. In State v. Rome, 696 So.2d 976 (La.1997), the Louisiana Supreme Court said:
“One of the traditional, inherent and exclusive powers of the judiciary is the power to sentence. After a defendant is convicted of a crime, the determination of his sentence is within the sound discretion of the trial judge. However, the trial judge’s |4sentencing discretion is not unbridled, as the legislative branch of government is free to decide what constitutes a crime as well as what punishments shall be meted' out by a court after the judicial ascertainment of guilt. Therefore, the fixing of penalties is purely a legislative function, but the trial judge has the discretion to determine the appropriate sentence within the sentencing range fixed by the legislature.”
While Smith did not file a formal motion to reconsider sentence, his attorney did, during the sentencing hearing, object once the sentence was handed down. Reasons for the objection were not given, however.
Our review of this record, does not indicate a sentence so grossly disproportionate to this aggravated rape that legislative intent should be disregarded. The trial judge was aware of Smith’s mental status, the nature of the crime, etc, and he (the trial judge) did not find Smith’s case exceptional. It is not within the purview of an appellate court to disturb this sentence.
ERROR PATENT
We remand only for the trial judge to notify Smith of the prescriptive period for filing, for post-conviction relief and to place in the record written proof that such notice has been received.
AFFIRMED; REMANDED ONLY FOR LSA-C.O.P. ART. 930.8 NOTICE TO BE SENT.