896 So.2d 1165 (2005)
STATE of Louisiana
v.
Danel THOMPKINS.
No. 04-KA-1062.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 2005.
*1166 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Roger Jordan, Assistant District Attorneys, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
The Defendant, Danel Thompkins, appeals from the sentence imposed for his conviction of attempted forcible rape. We affirm the conviction and sentence and remand.
The Defendant was charged on August 9, 2002, with attempted forcible rape, sexual battery, and simple kidnapping of C.S.[1], violations of La. R.S. 14:27, 14:42.1, 14:43.1, and 14:45. He pled not guilty at arraignment.[2] After waiving his right to a jury trial, the Defendant proceeded to a judge trial on February 20, 2003. After trial, the Defendant was found guilty as charged on all counts.
On April 7, 2003, the trial judge denied the Defendant's pro se motion for a new trial and in arrest of judgment. Following the testimony of several witnesses and the Defendant, the trial judge sentenced the Defendant to serve 15 years imprisonment at hard labor for attempted forcible rape, four years for simple kidnapping, and seven years for sexual battery, with the sentences to run concurrently.
At trial, the victim, sixteen-year-old C.S., testified that the Defendant attempted *1167 to rape her and that he sexually assaulted her after dragging her to a canal bank near a friend's residence in the early morning hours of August 9, 2002.[3] C.S. testified that she first encountered the Defendant on the afternoon of the previous day, August 8, 2002, while she was walking to the store between 3:00 p.m. and 4:00 p.m. The Defendant, also known as "Fat," drove past her in his car twice. The third time, he stopped and called out her name. When C.S. asked how he knew her name, he replied that a friend told him. The Defendant offered to drive her to the store. C.S. initially declined, but ultimately accepted the ride. He drove her to and from the store. When they arrived at her home, he then drove C.S., her sister and her nephews to a McDonald's restaurant. It was nearly dark when the Defendant returned the group to C.S.'s home, where she lived with her mother and sister. Defendant then left in his car.
At approximately 11:00 p.m., C.S. walked to her friend's, Danyelle's, house.[4] Danyelle was supposed to work on C.S.'s hair, but a client was still there when C.S. arrived. C.S. left to retrieve her hairpiece so that she could leave it with Danyelle. As C.S. returned to Danyelle's house, the Defendant walked up behind her. He made obscene remarks as to what he would like to do to C.S. as he followed her to Danyelle's house. C.S. told the Defendant that she did not" `get down like that'" and went inside Danyelle's house. After leaving her hairpiece inside, C.S. went outside to smoke a cigarette. The Defendant, who was still outside, made further obscene remarks. Specifically, he remarked, "`So, you're not going to let me f----?'" When C.S. replied negatively, the Defendant asked if she would just let him perform oral sex upon her. C.S. said "`[n]o,'" and the Defendant asked the same question twice more. After the third time that C.S. said "no," the Defendant grabbed her neck and her ponytail and dragged her to the nearby canal bank.
C.S. was screaming as he dragged her. The Defendant told her to "`[s]hut up, b----.'" He also told her that she was going to allow him to "`f----'" her. The Defendant then forced C.S. into his car, which was parked near the canal. He reached under her skirt, ripped her underwear off, and attempted to force her legs apart. The Defendant hit her in her face, told her to shut up and put his fingers inside her vagina. He kissed her stomach and tried to perform oral sex upon her. C.S. thought that she saw the Defendant attempt to put a condom on his penis. She vigorously resisted the Defendant and managed to slide out of the car on to the ground. He followed her. The Defendant lay on top of C.S. and forced her legs open with his knees. She felt his penis on top of her. The Defendant was covering her mouth as she screamed. C.S. finally escaped after kicking the Defendant in the groin.
C.S. ran to Danyelle's house, where she told her friend what had happened. The Defendant followed in his car, stopped at Danyelle's house and called out to C.S. However, when C.S. told the Defendant she was calling the police, he sped away.
*1168 At approximately 1:55 a.m. on August 9, 2003, Deputy Donald Cannatella, Jr., was dispatched to investigate the incident. As he was interviewing C.S., Deputy Cannatella heard over the police radio that another officer might have spotted the perpetrator's vehicle leaving the area. Deputy Paul Sperando testified that he heard over the radio that the suspect's vehicle was green. While on Lapalco Boulevard, Deputy Sperando observed a green vehicle run a stop sign at Lapalco Boulevard's intersection with Phillip Street. Deputy Sperando pursued the vehicle until it crashed at the curb in the 2400 block of Manhattan Boulevard. The driver, later identified as the Defendant, fled behind the Oasis Car Wash. Deputy Sperando and another officer apprehended the Defendant shortly thereafter. Deputy Sperando found an opened condom package on the Defendant's person, and other condom packages were found in the vehicle.
Deputy Cannatella drove C.S. to the location where the Defendant was detained. One of the officers removed him from the police car and C.S. positively identified the Defendant as the person who had attacked her. At trial, C.S. also positively identified the Defendant as her attacker.
The Defendant rested his case without presenting any evidence.
On appeal, the Defendant asserts that the trial court imposed an excessive sentence. He requests a review for error patent.
The Defendant contends that his 15 year sentence is excessive because he was only 19 years old at the time of the offense and because he was a first offender. The State responds that all of the Defendant's sentences were statutorily permissible.
The Defendant did not file or make a motion to reconsider sentence that alleged any particular grounds. Rather, he objected to the sentence as excessive after the sentence was imposed. This Court has recognized that the failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, limits a defendant to a review only for constitutional excessiveness. State v. Dupre, 03-256, p. 7 (La.App. 5th Cir.5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 (La.5/14/04), 872 So.2d 509; See also, La.C.Cr.P. art. 881.1(E); State v. Mims, 619 So.2d 1059 (La.1993). Therefore, the Defendant is limited to a review for constitutional excessiveness.
Prior to sentencing, two witnesses and the Defendant testified on his behalf. Kawana Williams, the Defendant's sister, testified that she believed that the Defendant was innocent, because he is the type of person who admits when he has done something wrong. She urged the court to take the Defendant's youth into consideration, as well as the fact that he is a single parent taking care of his daughter.
Debra Whitherspoon, the Defendant's aunt, testified that she raised the Defendant from the age of three. She noted that he had suffered abuse and neglect until she raised him. She stated that the Defendant had seen a psychiatrist in the past, that he had ongoing problems, and that he had been in and out of jail. She did not know whether the Defendant was guilty, but believed that he would have told her so if he had committed the offense. She said that the Defendant told her that it was a "paid thing or something." Neither witness had attended the trial.
The Defendant pleaded for leniency because he had been "railroaded." He argued that, since he was a first offender, he should not be "looking at a whole lot of time." Rather, he felt that he should get a "third of that."
*1169 The Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. The Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that "[n]o law shall subject any person to ... excessive... punishment." Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. Id. A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. Smith, 01-2574 at 6, 839 So.2d at 4. On appellate review, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion. Smith, 01-2574, at 6-7, 839 So.2d at 4.
La. R.S. 14:42.1 provides:
A. Forcible rape is rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
(2) When the victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced by a narcotic or anesthetic agent or other controlled dangerous substance administered by the offender and without the knowledge of the victim.
B. Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
Attempted forcible rape is punishable by imprisonment at hard labor for 20 years, at least one of which must be imposed without benefit of probation, parole or suspension of sentence. See, State v. Fink, 601 So.2d 694, 699 (La.App. 5th Cir.1992); R.S. 14:42.1; R.S. 14:27 D(3).
The trial judge did not state reasons for imposing the 15 year sentence. However, a remand for resentencing is unnecessary where the record clearly shows an adequate factual basis for the sentence imposed. See, State v. Lanclos, 419 So.2d 475, 478 (La.1982); State v. Sanders, 98-609, p. 4 (La.App. 5th Cir.12/16/98), 728 So.2d 470, 472.
In this case, the record supports the sentence imposed. The Defendant grabbed the victim by her hair and neck and dragged her to a canal bank. After forcing her into the backseat of his car that he had previously parked there, the Defendant repeatedly struck the victim while attempting to have sexual intercourse with her. It was only the victim's evasive maneuvers that prevented the Defendant from completing the act of rape.
Further, the Louisiana Supreme Court held that a sentence of 17 1/2 years at hard labor with the first year to be served without benefit of parole or probation was *1170 not excessive for an 18 year-old defendant who committed attempted forcible rape, even though he had no prior convictions and who was a slow learner. State v. Middlebrook, 409 So.2d 588, 592 (La.1982).
When reviewing a sentence on appeal, the relevant question is not whether another sentence might have been more appropriate, but whether the trial judge abused its broad sentencing discretion. State v. Walker, 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462. In the present case, nothing in the record reflects that the trial judge abused her broad discretion when imposing the 15 year sentence for attempted forcible rape.

PATENT ERROR
The record was reviewed for patent errors in accordance with La.C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Perrilloux, 99-1314 (La.App. 5th Cir.5/17/00), 762 So.2d 198. We find two patent errors requiring action by this Court.
La.C.Cr.P. art. 930.8(A) provides that the prescriptive period for filing an application for post-conviction relief is "two years after the judgment of conviction and sentence has become final[.]" Subpart C of the article requires that the trial judge inform the defendant of the prescriptive period at the time of sentencing. Although the commitment indicates that the Defendant was fully advised of the prescriptive period in Article 930.8, the transcript is silent. Where there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Thus, according to our policy, we will order the trial judge to advise the Defendant of the two-year prescriptive period in conformity with C.Cr.P. art. 930.8, by sending written notice to the Defendant within ten days after the rendition of this opinion and to file written proof in the record that the Defendant received such notice. See: State v. Esteen, 01-879, p. 28 (La.App. 5th Cir.5/15/02), 821 So.2d 60, 78.
Next, we note that the Defendant's convictions of attempted forcible rape and sexual battery of a minor are defined as sex offenses by La. R.S. 15:541(14.1). La. R.S. 15:542 provides registration requirements for sex offenders. In addition, R.S. 15:543 mandates the court to notify a defendant charged with a sex offense in writing of the registration requirements, as follows:

§ 543. Offender notification
A. The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.
This Court has held that, like the omission of the La.C.Cr.P. art. 930.8 notification, this omission warrants a remand for written notification and we generally remand with an order for the trial judge to inform defendant of the registration requirements as provided in La. R.S. 15:543(A), by sending appropriate written notice to the defendant, within ten days of this Court's opinion, and to file written proof in the record that defendant received such notice. See, State v. Stevenson, 00-1296, p. 4 (La.App. 5th Cir.1/30/01), 778 So.2d 1165, 1166-1167.
A second registration requirement is in La. R.S. 15:542.1, entitled "Registration of sexually violent predators and child predators." That statute provides that "[a]ny person convicted of a sex offense as defined *1171 in R.S. 15:541(14.1) or of a criminal offense against a victim who is a minor as defined in R.S. 15:541(9) after July 1, 1997, shall have the duty to register and report under the provisions of this Chapter." La. R.S. 15:542.1(C) provides for a person defined as a sexual predator to be notified of the registration requirements, as follows:
C. Notice to the offender. If a person who is required to register under this Section is released from prison, or placed under parole, supervised release, or probation, a Department of Public Safety and Corrections officer, or the court if the offender is not placed in the jurisdictional custody of the Department of Public Safety and Corrections, shall:
(1) Inform the person of the duty to register and report, and obtain the information required for such registration.
Thus, 15:543(A) requires the court to notify a defendant charged with a sex offense of the registration requirements of R.S. 15:542, while the predator registration statute, 15:542.1(C) requires, among other things, notification by the Department of Corrections, upon release, or the court, when the offender is not placed in the jurisdictional custody of the Department of Public Safety and Corrections.
Until recently, published decisions from this Court reflect that this Court has remanded for the trial court to provide notice of the general sex offender registration requirements contained in La. R.S. 15:542, as required by La. R.S. 15:543(A), where the defendant was sentenced to hard labor, even when the victim was a minor. These decisions are silent about registration requirements[5] as to a trial court's duty to notify a defendant who is convicted of a qualifying offense under La.15:542.1 as a sexual predator. However, in two recent cases, this Court has required the trial court to notify the defendants of the registration requirements of the sexual predator registration statute, R.S. 15:542.1. See, State v. Carter, 04-482 (La.App. 5th Cir.10/26/04), 888 So.2d 928, (defendant was convicted of forcible rape, in violation of La. R.S. 14:42.1, and aggravated crime against nature, in violation of La. R.S. 14:89.1, and the victim was fourteen); State v. Myles, 04-434 (La.App. 5th Cir.10/12/04), 887 So.2d 118 (defendant was convicted of molestation of a juvenile in violation of La. R.S. 14:81.2, and the victim was eleven). In both cases, the defendants were sentenced to hard labor, the victims were minors, and the records did not reflect that the defendants were notified of the sex offender registration requirements.
Thus, it appears that for defendants convicted of offenses referred to in La. R.S.15:542.1, Myles and Carter have expanded *1172 the trial court's duty to provide notification of the registration requirements of La. R.S. 15:542.1. In accordance with Myles and Carter, then, we find that the trial judge must provide notice to the Defendant of the registration requirements of the sexual and child predator statute. We will remand for the trial judge to provide written notice of the general sex offender registration provisions of R.S. 15:543 and the provisions of R.S. 15:542.1.
Accordingly, the convictions and sentences are affirmed. The case is remanded with an order to the trial judge to advise the Defendant of the two year prescriptive period for filing post-conviction relief under La.C.Cr.P. art. 930.8 and its time of commencement, by sending written notice to the Defendant within ten days after the rendition of this opinion and to file written proof in the record that the Defendant received such notice. In addition, the trial judge is ordered to advise the Defendant of the registration requirements of La. R.S. 15:542.1 and R.S. 15:543, within ten days after rendition of this opinion and to file written proof in the record that the Defendant received such notice.
CONVICTIONS AND SENTENCES AFFIRMED; CASE REMANDED.
NOTES
[1] The victim is identified by her initials because she was a minor and the victim of a sex crime. See, La. R.S. 46:1844(W)(1)(a).
[2] Defendant filed pre-trial motions that are not at issue in this appeal.
[3] C.S. testified that she was sixteen at the time of trial on February 20, 2003, which was held almost six months after the incident on August 9, 2002.
[4] C.S.'s friend is referred to as "Danielle" during C.S.'s testimony, but as "Danyelle" during her own testimony. Accordingly, herein this witness will be referred to as "Danyelle."
[5] See, State v. Torregano, 03-1335 (La.App. 5th Cir.5/11/04), 875 So.2d 842, 850 (sexual battery of a juvenile under the age of 15); State v. Roca, 03-1076 (La.App. 5th Cir.1/13/04), 866 So.2d 867, 876, writ denied, 04-583 (La.7/2/04), 877 So.2d 143 (aggravated rape of a juvenile); State v. Hotard, 03-435 (La.App. 5th Cir.12/30/03), 864 So.2d 748, 758 (indecent behavior with a juvenile); State v. Battaglia, 03-692 (La.App. 5th Cir.11/25/03), 861 So.2d 704, 712 (indecent behavior of a juvenile); State v. McClelland, 03-498 (La.App. 5th Cir.10/15/03), 860 So.2d 31, 41, writ denied, 03-3372 (La.3/26/04), 871 So.2d 347 (attempted aggravated rape and attempted aggravated crime against nature of a juvenile); State v. Tapps, 02-547 (La.App. 5th Cir.10/29/02), 832 So.2d 995, 1004, writ denied, 02-2921 (La.4/21/03), 841 So.2d 789 (forcible rape of a juvenile); State v. Dickerson, 01-1287 (La.App. 5th Cir.6/26/02), 822 So.2d 849, writ denied, 02-2108 (La.2/21/03), 837 So.2d 627 (aggravated rape of a minor victim); State v. Wallace, 00-1745 (La.App. 5th Cir.5/16/01), 788 So.2d 578, 587, writ denied, 01-1849 (La.5/24/02), 816 So.2d 297 (forcible rape of a minor).