902 So.2d 506 (2005)
STATE of Louisiana
v.
Julius SESSION.
No. 04-KA-1325.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 2005.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
The Defendant, Julius Session, appeals from his conviction of attempted simple robbery and his sentence to three and one-half years imprisonment at hard labor. For the reasons which follow, we affirm the conviction, set aside the sentence and remand for resentencing.
The Defendant was charged in a bill of information on December 4, 2003 with one count of attempted armed robbery in violation of La. R.S. 14:27 and R.S. 14:64. He pled not guilty at arraignment and filed several pretrial motions which were denied. He proceeded to trial on February 19, 2004 before a twelve person jury.

FACTS
The victim, Mark Huggett (Huggett), testified that at approximately 5:15-5:30 p.m. on October 26, 2003 he was retrieving items from his vehicle while parked in front of his apartment when the Defendant approached him on a bicycle. According to Huggett, the Defendant jumped off his bicycle, grabbed an object out of his back pocket, and demanded his wallet. Huggett testified that he initially thought the object was a hairbrush, but later believed it was a gun after noticing the handle or barrel was hollow and had a sight on it. Huggett told the Defendant that he did not have any money. Huggett was unable to retrieve his wallet because he was holding several *507 glasses in his hands. The Defendant reached around Huggett and grabbed cigarettes and a wallet out of his back pocket.[1] The Defendant opened the wallet and threw it on the ground after finding that there was no money in it. The Defendant then jumped on his bicycle and rode away.
Huggett's wife had witnessed the incident from the window of their apartment. She initially thought that the Defendant was simply asking for directions. However, following the incident, Huggett returned to the apartment and told his wife to call 911. The police responded and Huggett gave a description of the Defendant. Less than 40 minutes later, Huggett positively identified the Defendant as the man who had taken his wallet.
After his arrest, the Defendant gave a statement to the police admitting that he approached a man and asked him for money. When the man answered that he did not have any money, the Defendant demanded that he show him that he did not have any money. He took out his wallet and showed the Defendant that he did not have any money at which time the Defendant stated that he got back on his bicycle and left. At trial, the Defendant testified that he told the police what they wanted to hear because the police said they would help him with his drug and alcohol problem. The Defendant explained that Huggett owed him money and he was simply asking for the money. He stated that he ran into Huggett by coincidence and asked for the money that Huggett owed him. Huggett told him that he did not have any money and showed the Defendant his empty wallet. According to the Defendant, he told Huggett that he wanted his money the next time he saw him. At the close of testimony, the jury found the Defendant guilty of the lesser charge of attempted simple robbery. The Defendant was subsequently sentenced to imprisonment at hard labor for three and one-half years.[2] On appeal, the Defendant assigns one error, arguing that his sentence is excessive.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error the Defendant argues that his sentence to three and one half years for the offense of attempted simple robbery is excessive. He points out that three and one half years is the maximum sentence for the offense and that he is not the worst offender since he was only trying to collect a debt. Further, the Defendant points out that the trial judge referred to the wrong offense when he sentenced him, stating that he had been convicted of attempt armed robbery, rather than attempted simple robbery.
The State argues that, since the sentence imposed was proper for the convicted offense, attempted simple robbery, it should not be set aside because of the trial court's reference to the wrong offense. We disagree.
In reviewing the entire record, we find that the trial court, in sentencing the Defendant, stated that the Defendant had been found guilty of attempted armed robbery, when the Defendant had in fact been found guilty of attempted simple robbery. We find nothing in the remainder of the sentencing transcript to indicate whether *508 this was an inadvertent error in reference or an actual mistaken belief by the trial court. The imposed sentence of three and one half years falls within the sentencing range for both offenses.[3]
However, if the trial judge believed he was sentencing the Defendant for a conviction of attempted armed robbery, a three and one-half year sentence would have been minimal since the maximum sentence for attempted armed robbery is forty-nine and one-half years. La. R.S. 14:27 and 14:64; State v. Robicheaux, 03-1063 (La. App. 5th Cir.12/30/03), 865 So.2d 149, 153, writ denied, 04-0381 (La.6/25/04), 876 So.2d 830. Whereas, a three and one-half year sentence for attempted simple robbery is the maximum sentence. La. R.S. 14:27 and 14:65. Since it is impossible to determine that the sentence was not imposed in error for the wrong offense, it must be vacated.
In view of our finding that the imposed sentence must be set aside and the case remanded for resentencing, we do not address the Defendant's argument regarding excessiveness of his sentence because it has been rendered moot.[4]
For the reasons stated above, we affirm the Defendant's conviction of attempted simple robbery, vacate the sentence and remand the case for resentencing.[5]
CONVICTION AFFIRMED; SENTENCE SET ASIDE; CASE REMANDED
NOTES
[1] There was a discrepancy as to whether the victim handed the Defendant his wallet or whether the Defendant took the victim's wallet.
[2] A review of the record indicates that the State filed a habitual offender bill of information, which is not contained in the appellate record. A minute entry dated August 6, 2004 notes that the State withdrew it.
[3] The attempt statute provides for sentencing not to exceed one-half of the longest term of imprisonment prescribed for the offense so attempted. La. R.S. 14:27(D)(3). It does not provide for a minimum sentence. State v. Callahan, 95-1331 (La.3/29/96), 671 So.2d 903; State v. Crayton, 470 So.2d 298, 300 (La.App. 5th Cir.1985). The sentencing range for armed robbery is 10 to 99 years. La. R.S. 14:64. The sentencing range for simple robbery is 0 to 7 years. La. R.S. 14:65.
[4] If the Defendant intends to pursue an excessiveness argument on remand, a proper record to support the claim is imperative. See State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672.
[5] It is noted that while the commitment indicates that the Defendant was advised of the prescriptive period for filing an application for post-conviction relief in accordance with La.C.Cr.P. art. 930.8, the transcript does not so reflect. On remand for resentencing, the trial court should properly advise the Defendant of this prescriptive period.