NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1033

STATE OF LOUISIANA

VERSUS

BENJAMIN SHANE RIVERS

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 61554
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

CONVICTION AFFIRMED;
SENTENCE VACATED AND REMANDED.

Hon. Don M. Burkett
District Attorney
Ronald Brandon
Assistant District Attorney
P. O. Box 1557
Many, LA 71449
(318) 256-6246
Counsel for State-Appellee:
State of Louisiana

**William Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**Counsel for Defendant-Appellant:**
**Benjamin Shane Rivers**

**PICKETT, Judge.**

## FACTS

On April 21, 2006, the defendant, Benjamin Shane Rivers, was charged by bill of information with simple burglary and theft valued over $500.00. The defendant entered a guilty plea to possession of stolen goods less than $500.00, and the simple burglary charge was dismissed. On May 25, 2007, the defendant was sentenced to two years at hard labor.

The defendant is before this court asserting that the sentence imposed is excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is an error patent involving the sentence imposed for the defendant's conviction of possession of stolen goods less than $500.00 which requires vacating the defendant's sentence and remanding the matter for resentencing.

Louisiana Revised Statutes 14:69 provides in pertinent part:

> A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.

> B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

> (2) When the value of the stolen things is three hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.

1

(3) When the value of the stolen things is less than three hundred dollars, the offender shall be imprisoned for not more than six months or may be fined not more than one thousand dollars, or both. If the offender in such cases has been convicted of receiving stolen things or illegal possession of stolen things two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years or may be fined not more than two thousand dollars, or both.

On April 21, 2006, the defendant was charged by bill of information with simple burglary and theft valued over $500.00. The court minutes indicate the defendant entered a guilty plea to illegal possession of stolen things *less than* $500.00, and the simple burglary charge was dismissed. Because the defendant was charged with theft valued over $500.00, we examined the trial transcript to determine whether the conviction was correctly reflected in the court minutes. At the guilty plea proceeding, the following pertinent exchange occurred:

THE COURT: You're also pleading to illegal possession of stolen things. What is the value of that, Mr. Brandon?

MR. TOUPS: It's less than five hundred.

MR. BRANDON: That's correct.

THE COURT: It reads, illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft under circumstances which would indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. Do you understand that?

DEFENDANT-RIVERS: Yes, sir.

THE COURT: It goes on to read that the offender shall be imprisoned, with or without hard labor, for not more than two years, and/or fined up to two thousand dollars. Do you understand what the possible penalty is?

DEFENDANT-RIVERS: Yes, sir.

. . . .

2

THE COURT: What happened, Mr. Brandon?

MR. BRANDON: Your Honor, on or about August 4, 2004, Mr. Rivers along with another co-defendant took tires belonging to Kenneth Martinez. And on or about March 23, 2006, Mr. Rivers sold an outboard motor to an individual that had been stolen.

THE COURT: Is that what happened, sir?

DEFENDANT-RIVERS: Yes, sir.

Based upon the plea colloquy, we find the defendant pled guilty to illegal possession of stolen things between $300.00 and $500.00. However, the court minutes of sentencing indicate the defendant pled guilty to illegal possession of stolen things *greater than* $500.00, and he was sentenced to two years at hard labor. Additionally, the sentencing transcript indicates the trial court stated the defendant pled guilty to illegal possession of stolen things *over* $500.00.

It is unclear whether the erroneous reference at the sentencing hearing by the trial judge to the conviction as illegal possession of stolen things *over* $500.00 was an inadvertent error or was a mistaken belief by the trial court as to the conviction. The two-year sentence at hard labor imposed by the trial court falls within the sentencing range of both illegal possession of stolen things between $300.00 and $500.00, and illegal possession of stolen things greater than $500.00.

In *State v. Session*, 04-1325 (La.App. 5 Cir. 4/26/05), 902 So.2d 506, the defendant contended on appeal that in sentencing him, the trial court referred to a conviction of attempted armed robbery when he had been convicted of only attempted simple robbery. The fifth circuit found nothing in the sentencing transcript that indicated whether or not the reference to the wrong conviction was an inadvertent error or a mistaken belief by the court. Because it was impossible to determine that

the sentence was not imposed in error for the wrong offense, the fifth circuit vacated the sentence, and remanded the case for resentencing.

Likewise, in the present case, we find the sentence imposed on the conviction for illegal possession of stolen things, less than $500.00 but greater than $300.00, should be vacated, and the case remanded for resentencing.

## CONCLUSION

The defendant's conviction is affirmed. However, the defendant's sentence imposed on the conviction for illegal possession of stolen things, less than $500.00 but greater than $300.00, is vacated, and the case is remanded for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED**.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.