SUSAN M. CHEHARDY, Judge.
 

 | ¡This is defendant’s second appeal. In this appeal, defendant argues that; on remand, the trial judge failed to resentence him on both counts and instead imposed only one sentence. We agree and remand for resentencing.
 

 Procedural
 
 History
 
 [1]
 

 On April 17, 2003, defendant was indicted for sexual crimes against two minor females. For acts committed against A.L., defendant was charged with one count of aggravated rape of a juvenile, in violation of La. R.S. 14:42 (Count 1) and one count of molestation of a juvenile, in violation of La. R.S. 14:81.2 (Count 2). Likewise, for acts committed against B.B., defendant was charged with one count of aggravated rape of a juvenile, in violation of La. R.S. 14:42 (Count 3) and one count of molestation of a juvenile, in violation of La. R.S. 14:81.2 (Count 4). Defendant was arraigned and pled not guilty.
 
 [2]
 

 13Pefendant moved to sever the rape charges from two molestation charges, which the trial court granted.
 
 [3]
 
 On October 12, 2004, trial of the two rape charges commenced. On October 13, 2004, the twelve-person jury found defendant guilty, on Count One, of aggravated rape on A.L., and guilty, on Count Two, of sexual battery of B.B. Defendant filed a motion for new trial on October 27, 2004. The trial court did not rule upon the motion.
 
 [4]
 

 On November 15, 2004, the trial court sentenced defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on the rape conviction, and imprisonment at hard labor for ten years on the sexual battery conviction, with the sentences to run eon-
 
 *387
 
 secutively. Defendant filed a motion for appeal, which was granted.
 
 [5]
 

 On appeal, defendant argued that the trial court erred by failing to suppress his statements, by denying his motion to sever the rape counts, and by imposing consecutive sentences.
 
 [6]
 
 On November 29, 2005, this Court, noting the lack of a ruling on defendant’s motion for new trial, conditionally affirmed the convictions and remanded for a ruling on the motion for new trial.
 
 [7]
 

 On February 12, 2009, on remand from this Court, the district court judge held a hearing on the motion for new trial and took the matter under advisement. On March 16, 2009, the trial judge subsequently denied the motion and provided well-written reasons for judgment. On March 24, 2009, the district court judge sentenced defendant to “life without probation, parole, or suspension of sentence ... at hard labor.” That day, defendant filed a timely motion for appeal, which was granted.
 

 \ALaw and Argument
 

 On appeal, defendant argues that the trial court erred by failing to impose a sentence for both convictions. The State agrees and responds that the matter should be remanded for resentencing. We agree and remand for resentencing.
 

 Our review of the transcript of the re-sentencing hearing on March 24, 2009 reveals that the district court judge pronounced only one sentence: “life without probation, parole, or suspension of sentence ... at hard labor.” The trial judge did not specify to which count, of the two counts tried, the sentenced corresponded.
 

 With few exceptions, the sentencing judge must impose a separate sentence for each separate count on which the defendant was convicted.
 
 [8]
 
 La. C. Cr. P. art. 879;
 
 State v. Cambre,
 
 04-1317 (La.App. 5 Cir. 4/26/05), 902 So.2d 473, 485,
 
 writ denied,
 
 05-1325 (La.1/9/06), 918 So.2d 1039.
 

 In the instant case, defendant was convicted of aggravated rape and sexual battery, but received only one sentence on remand. As in
 
 Cambre,
 
 the two convictions in the instant case were for distinctly different crimes perpetrated on different victims that provided diverse sentences.
 
 [9]
 
 Therefore, we agree that defendant must receive a separate sentence for each offense. Accordingly, we vacate the imposed sentence and remand for resentenc-ing on each conviction.
 
 [10]
 

 \fJError Patent Discussion
 

 The record was reviewed for errors patent, according to La. C. Cr. P. art. 920.
 
 [11]
 
 
 *388
 
 We have already vacated the sentence and remanded for resentencing and, thus, discussion of errors patent is for record purposes only.
 

 First, the record does not reflect that defendant was notified of the sex offender registration requirements. Both of defendant’s convictions are defined as sex offenses by La. R.S. 15:541.
 
 See
 
 La. R.S. 15:541(24); La. R.S. 15:541(25)(a). Those defendants convicted of enumerated sex offenses must be notified in writing of the statutory registration requirements. La. R.S. 15:548. At resentencing, the trial judge must notify defendant of both the general sex offender registration requirements and the child predator registration provisions, and file written proof, in the record, of said notice to defendant.
 

 Second, the trial court did not adequately advise defendant of the two-year prescriptive period for applying for post conviction relief under La. C. Cr. P.art. 930.8. At resentencing, the trial judge must advise defendant of the two-year prescriptive period in conformity with La. C. Cr. P. art. 930.8, by sending written notice to defendant within ten days after the rendition of this opinion, and file written proof, in the record, of said notice to defendant.
 
 State v. Thompkins,
 
 04-1062, p. 9 (La.App. 5 Cir. 2/15/05), 896 So.2d 1165, 1170.
 

 Based on the foregoing, we affirm defendant’s convictions, vacate the imposed sentence, and remand for imposition of sentence for each conviction.
 

 CONVICTIONS AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
 

 [1]
 

 .We have excerpted the procedural history from our opinion in defendant’s first appeal.
 
 State v. Williams,
 
 05-317 (La.App. 5 Cir. 11/29/05), 918 So.2d 466,
 
 writ denied,
 
 06-0638 (La. 10/6/06), 938 So.2d 64. Further, the facts of this case are available in
 
 State v. Williams, supra.
 

 [2]
 

 .
 
 Id.
 
 at 468.
 

 [3]
 

 . On November 15, 2004, the State nolle prossed the two molestation counts.
 

 [4]
 

 .
 
 State v. Williams,
 
 918 So.2d at 468.
 

 [5]
 

 .
 
 Id.
 
 at 468-69.
 

 [6]
 

 .
 
 Id.
 
 at 472-78. In our opinion in defendant's first appeal, this Court pretermitted discussion of defendant's consecutive sentences.
 
 Id.
 
 at 478.
 

 [7]
 

 .
 
 Id.
 
 at 469, 479.
 

 [8]
 

 . There is an exception to the general rule where the offenses are based on a common scheme or plan.
 
 See
 
 La. C. Cr. P. art. 883;
 
 State v. Collins,
 
 04-751 (La.App. 5 Cir. 11/30/04), 890 So.2d 616, 620.
 

 [9]
 

 . When the offenses were committed, an aggravated rape conviction carried a penalty of either death or life imprisonment at hard labor, whereas a sexual battery conviction carried a penalty of imprisonment, with or without hard labor, for not more than ten years. In 2008, the United State Supreme Court held that the death penalty as punishment for aggravated rape was unconstitutional.
 
 Kennedy v. Louisiana,
 
 - U.S. -, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008).
 

 [10]
 

 . Here, we pretermit discussion of consecutive sentences because only one sentence was imposed on remand.
 

 [11]
 

 .
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir. 1990).