JUDE G. GRAVOIS, Judge.
 

 | ¡.Defendant Edward Williams, Jr. appeals alleged errors in his sentencing for the offenses of aggravated rape and sexual battery. In this appeal, defendant argues that: (1) he received an illegal sentence on Count One because the trial judge referenced the wrong offense while sentencing him; and (2) the imposition of the sentence on Count Two to be served consecutively to the life sentence on Count One renders the sentence unconstitutionally excessive. For the following reasons,' we affirm defendant’s sentences, but remand for correction of the minute entry and other matters.
 

 PROCEDURAL HISTORY
 

 This is defendant’s third appeal. On October 13, 2004, a jury found defendant guilty, on Count One, of aggravated rape of A.L., and guilty, on Count | qTwo, of sexual battery of B.B. Defendant filed a motion for a new trial on October 27, 2004, but the trial court did not rule upon it. On November 15, 2004, the trial court sentenced defendant to life imprisonment at hard labor without benefit of parole, pro
 
 *101
 
 bation, or suspension of sentence on the aggravated rape conviction (Count One), and imprisonment at hard labor for ten years on the sexual battery conviction (Count Two), with the sentences to run consecutively. Defendant filed a motion for appeal that was granted.
 

 In his first appeal, defendant argued that the trial court erred by failing to suppress his statements, by denying his motion to sever the rape counts, and by imposing consecutive sentences. This Court, noting the lack of a ruling on defendant’s motion for a new trial, conditionally affirmed the convictions, vacated the sentences, and remanded to the trial court for a ruling on the motion for a new trial and for resentencing.
 
 State v. Williams,
 
 05-317, p. 3 (La.App. 5 Cir. 11/29/05), 918 So.2d 466, 468-69,
 
 writ denied,
 
 06-0638 (La.10/6/06), 938 So.2d 64.
 

 The trial judge subsequently denied the motion for a new trial on March 16, 2009. On March 24, 2009, the district court judge sentenced defendant to “life without probation, parole, or suspension of sentence ... at hard labor.” That day, defendant filed a timely motion for appeal, which was granted.
 
 State v. Williams,
 
 09-365, p. 3 (La.App. 5 Cir. 10/27/09), 28 So.3d 385, 387.
 

 In his second appeal, defendant argued that he was convicted of aggravated rape and sexual battery, but received only one sentence on remand. This Court agreed that defendant must receive a separate sentence for each offense. As such, on October 27, 2009, this Court affirmed defendant’s convictions, vacated the sentence imposed, and remanded for imposition of sentence for each conviction.
 
 State v. Williams,
 
 09-365 at 4-5, 28 So.3d at 387-88.
 

 |4On December 11, 2009, on remand from this Court, the trial judge resen-tenced defendant on Count One to life imprisonment without benefit of parole, probation, or suspension of sentence, and on Count Two to imprisonment at hard labor for ten years, to run consecutively to the sentence on Count One. On December 17, 2009, defendant filed a timely motion for appeal that was granted.
 

 FACTS
 

 Defendant had sex with his stepdaughter, A.L., from the time she was eight or nine years old until she was approximately twelve years old (from 1998 until 2003).
 
 State v. Williams,
 
 05-317 at 4, 918 So.2d at 469. Defendant sexually touched his ex-wife’s sister, B.B., from the time she was eight years old until she was twelve years old (from 1988 until 1992).
 
 Id.,
 
 05-317 at 5-6, 918 So.2d at 469-70. Defendant gave statements to the police admitting he had sex with A.L.; however, he denied having sex with B.B., explaining that they only engaged in horse play, kissing, and having “pretend sex with clothes on.”
 
 Id.,
 
 05-317 at 6-8, 918 So.2d at 470-71.
 
 [1]
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 Defendant argues that he received an illegal sentence on Count One because the trial judge referenced the wrong offense while sentencing him. He contends that, instead of imposing sentence on his aggravated rape conviction, the trial judge imposed sentence on an aggravated battery conviction. Defendant asserts that this error patent renders the sentence on Count One illegal. The State responds that this misstatement was harmless and
 
 *102
 
 does not warrant the sentence to be vacated a third time. However, the State requests that this Court order the commitment to be |5corrected to reflect that the life sentence was for aggravated rape and not for aggravated battery.
 

 The record reflects that when the trial judge resentenced defendant, she stated: “With respect to count No. 1,
 
 aggravated battery,
 
 I’m imposing the sentence of life in prison without benefit of probation, parole, or suspension of sentence. With respect to count 2, which is sexual battery, I’m imposing the sentence of ten years at hard labor, and that is to run consecutively with your life sentence.”
 

 In
 
 State v. Session,
 
 04-1825 (La.App. 5 Cir. 4/26/05), 902 So.2d 506, cited by the State in its brief, defendant was convicted of attempted simple robbery. On appeal, defendant pointed out that the trial judge referred to the wrong offense when he sentenced him, stating that defendant had been convicted of attempted armed robbery, rather than attempted simple robbery. This Court found nothing in the remainder of the sentencing transcript to indicate whether this was an inadvertent error in reference or an actual mistaken belief by the trial court. It noted that the imposed sentence fell within the sentencing range for both offenses. This Court stated that, since it was impossible to determine that the sentence was not imposed in error for the wrong offense, it had to be vacated.
 
 Id.,
 
 04-1325 at 4-5, 902 So.2d at 507-08.
 

 The record shows that in the instant case, the trial judge referred to the wrong offense when sentencing defendant. She stated that she was sentencing defendant on Count One, aggravated
 
 battery,
 
 rather than the crime he was actually convicted of, aggravated
 
 rape.
 
 In the instant case, similar to
 
 Session,
 
 the sentencing transcript does not indicate whether this was an inadvertent error in reference or an actual mistaken belief by the trial court. However, unlike
 
 Session,
 
 the imposed sentence of life imprisonment does not fall within the sentencing grange for both offenses. An aggravated rape conviction carries a penalty of life imprisonment at hard labor,
 
 [2]
 
 whereas an aggravated battery conviction carries a penalty of imprisonment, with or without hard labor, for not more than ten years. LSA-R.S. 14:34.
 

 After review of this record, we find that the trial judge made an inadvertent error when she referred to Count One as aggravated battery, rather than aggravated rape. The imposed sentence of life imprisonment does not fall within the sentencing range for both offenses. It only falls within the sentencing range for an aggravated rape offense. Also, as the State noted in its brief, the trial judge may have inadvertently combined the first word of Count One (aggravated) with the last word of Count Two (battery). Additionally, the record indicates that the trial judge was aware that this case had been remanded for resentencing.
 

 Accordingly, we find that the sentence on Count One is not illegal and does not require remand for resentencing.
 

 ASSIGNMENT OF ERROR NUMBER TWO
 

 Defendant also argues that his consecutive sentences were constitutionally excessive. He contends that, if his life sentence for aggravated rape were commuted in the future, or if he were paroled, that the ten-year consecutive sentence for sexual battery would preclude him from
 
 *103
 
 being released from prison. He further contends that imposition of a sentence that mandates imprisonment beyond a natural life makes no sense. He also notes that the trial judge gave no reasons for the imposition of consecutive sentences.
 

 The State responds that defendant failed to file a motion to reconsider sentence and failed to object to the consecutive nature of the sentences when he 17orally objected to the sentence. As such, the State argues that defendant preserved only his right to a review of his sentences on a bare claim of constitutional excessiveness. The State notes that the life sentence for aggravated rape was mandatory. It contends that there was no showing that the sentences were so disproportionate as to shock one’s sense of justice. The State also points out that the trial judge properly imposed consecutive sentences in accordance with LSA-C.Cr.P. art. 883 because the two counts were separate offenses that occurred on separate dates and involved separate victims.
 

 The record does not reflect that defendant filed a motion to reconsider sentence. The failure to file a motion to reconsider sentence limits a defendant to a review of the sentence for constitutional excessiveness. LSA-C.Cr.P. art. 881.1(E);
 
 State v. Dupre,
 
 03-256, p. 7 (La.App. 5 Cir. 5/28/03), 848 So.2d 149, 153,
 
 writ denied,
 
 03-1978 (La.5/14/04), 872 So.2d 509. Additionally, although defendant orally objected to the excessiveness of both sentences, he failed to explicitly state an objection to the consecutive nature of the sentences. Therefore, he is not entitled to review of that issue here.
 
 State v. McGee,
 
 04-963, p. 20 (La.App. 5 Cir. 1/11/05), 894 So.2d 398, 412,
 
 writ denied,
 
 2005-0593 (La.5/20/05), 902 So.2d 1050. Accordingly, the only issue to be considered herein is whether defendant’s sentences are constitutionally excessive.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 State v. Lobato,
 
 603 So.2d 739, 751 (La.1992);
 
 State v. Wickem,
 
 99-1261, p. 10 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968,
 
 writ denied,
 
 00-1371 (La.2/16/01), 785 So.2d 839.
 

 | sThe factors to be considered in reviewing a sentence for excessiveness are (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentences imposed for similar crimes by the same court and other courts.
 
 State v. Tracy,
 
 02-227, p. 21 (La.App. 5 Cir. 10/29/02), 831 So.2d 503, 516,
 
 writ denied,
 
 02-2900 (La.4/4/03), 840 So.2d 1213. Trial judges are granted great discretion in imposing sentences, and a sentence will not be set aside as excessive absent a clear abuse of that discretion.
 
 State v. Parker,
 
 03-288, p. 4 (La.App. 5 Cir. 7/29/03), 853 So.2d 67, 69. The issue on appeal is whether the trial judge abused his discretion, and not whether another sentence might have been more appropriate.
 
 Id.
 

 Defendant was convicted of the aggravated rape of A.L., a violation of LSA-R.S. 14:42, which provides for a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:42 D(2)(b).
 

 A trial court has the authority to determine whether a mandatory minimum sentence is constitutionally excessive as applied to a particular defendant.
 
 State v. Dorthey,
 
 623 So.2d 1276, 1281 (La.1993).
 
 [3]
 

 
 *104
 
 To rebut the presumption that the mandatory minimum sentence is constitutional, a defendant must show, by clear and convincing evidence, that, “because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.”
 
 State v. Johnson,
 
 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 676. Downward departures from a mandatory minimum sentence should only occur in rare cases.
 
 State v. Brown,
 
 01-160, p. 15 (La.App. 5 Cir. 5/80/01), 788 So.2d 667, 675,
 
 citing State v. Johnson,
 
 97-1906 at 8, 709 So.2d at 677.
 

 | ¡¡Courts have upheld life sentences for similarly situated defendants convicted of the aggravated rape of a minor.
 
 [4]
 
 In the instant case, the evidence showed that defendant committed an offensive and disturbing crime by having sex numerous times with A.L., his stepdaughter, starting when she was eight or nine years old and continuing until she was twelve years old. As the Louisiana Supreme Court noted in
 
 State v. Foley,
 
 456 So.2d 979, 983 (La.1984), aggravated rape inflicts mental and psychological damage to its victim and undermines the community sense of security.
 

 We find that defendant has failed to prove by clear and convincing evidence unusual circumstances that demonstrate that he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Furthermore, defendant failed to prove any unusual circumstances warranting a departure from the mandatory minimum sentence provided by the legislature. Accordingly, the life sentence imposed upon defendant for his aggravated rape conviction is not constitutionally excessive.
 

 Defendant was also convicted of sexual battery against B.B., a violation of LSA-R.S. 14:43.1. On remand, the trial court resentenced defendant to the maximum 10-year sentence for the sexual battery of B.B. without providing reasons for the sentence.
 

 Maximum sentences are generally reserved for the most serious violators of the relevant statute, and for the worst type of offenders.
 
 State v. Fletcher,
 
 03-60, p. 7 (La.App. 5 Cir. 4/29/03), 845 So.2d 1213, 1219. Courts have upheld the maximum ten-year sentence for similarly situated defendants convicted of the | insexual battery of a minor. In
 
 State v. Jackson,
 
 27,056, pp. 1-3 (La.App. 2 Cir. 6/21/95), 658 So.2d 722, 723-24, the appellate court concluded that a sentence of ten years at hard labor for sexual battery against an eight-year-old female victim was not excessive, considering the substantial benefit received through plea bargaining and the “acutely deleterious consequences” of the offender’s conduct.
 

 In
 
 State v. Burt,
 
 02-258 (La.App. 4 Cir. 10/9/02), 828 So.2d 717,
 
 writ denied,
 
 02-2915 (La.4/4/03), 840 So.2d 1214, the Fourth Circuit found that, considering defendant’s past criminal history and the physical and psychological trauma suffered by the victim, the trial court did not abuse its sentencing discretion and the maximum
 
 *105
 
 ten-year sentence was not excessive.
 
 Id.,
 
 02-258 at 18, 828 So.2d at 725.
 

 In the instant case, the record supports the sentence imposed. The evidence showed that defendant sexually abused B.B., his ex-wife’s sister, from the time she was eight years old until she was twelve years old. Although defendant was convicted of the lesser included verdict of sexual battery, the evidence supported a conviction for aggravated rape, which would have resulted in a mandatory life sentence. Also, sexual offenses against young children are particularly odious. We find that the maximum ten-year sentence for sexual battery was warranted in this case and not constitutionally excessive.
 

 Additionally, even had the excessiveness issue regarding the consecutive nature of the sentences had been properly preserved, such claim has no merit. Consecutive sentences are indicated under LSA-C.Cr.P. art. 888 where the bills of information allege offenses that occurred on different dates, and at different locations. See
 
 State v. Wilson,
 
 99-105, p. 4 (La.App. 5 Cir. 7/27/99), 742 So.2d 957, 959,
 
 writ denied,
 
 99-2583 (La.2/11/00), 754 So.2d 935. In the instant case, | nthe bill of information alleged offenses that occurred on different dates to two different juveniles at different locations. This assignment of error accordingly has no merit.
 

 ERROR PATENT DISCUSSION
 

 This Court previously conducted an errors patent review of the original record in this case at the time of defendant’s first appeal.
 
 State v. Williams,
 
 05-317 at 21, 918 So.2d at 478 n. 21. Defendant is now only entitled to an errors patent review of his resentencing.
 
 State v. Sampognaro,
 
 09-671 (La.App. 5 Cir. 3/23/10), 39 So.3d 632.
 

 The transcript reflects that the trial judge did not state that the sentence on Count One was to be served at hard labor; however, the commitment reflected that the sentence on Count One was to be served at hard labor. The transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983).
 

 The defendant in this case was sentenced pursuant to a statute which required a mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation or suspension.
 
 [5]
 
 As such, the sentence was determinate; the trial judge’s failure to state that the sentence be served at hard labor, where the commitment accurately reflected the sentence to be served, is not an error requiring corrective action. See
 
 State v. Laviolette,
 
 06-92 (La.App. 5 Cir. 9/26/06), 943 So.2d 527,
 
 writ denied,
 
 06-2585 (La.5/18/07), 957 So.2d 149.
 

 The transcript reflects that the trial judge failed to state that the sentence on Count Two for sexual battery was to be served without benefit of parole, probation, | 12or suspension of sentence as mandated by the statute. LSA-R.S. 14:43.1 C. The commitment is unclear. Although the commitment indicates that the “sentence” is to be served without benefit of parole, probation, or suspension of sentence, the commitment does not indicate which sentence contained those sentencing restric
 
 *106
 
 tions.
 
 [6]
 
 However, no corrective action is necessary as the sentence is deemed to contain those restrictions. LSA-R.S. 15:301.1.
 
 State v. Vincent,
 
 07-239, p. 15 (La.App. 5 Cir. 12/27/07), 978 So.2d 967, 976.
 

 Because of the errors patent noted above and the unclear commitment, we remand this matter and direct the district court to amend the commitment to reflect that defendant was sentenced on Count One, aggravated rape, to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence; and on Count Two, sexual battery, to imprisonment at hard labor for ten years without benefit of parole, probation, or suspension of sentence, with the sentence on Count Two to run consecutively to the sentence on Count One. The district court is also directed to transmit the original of the minute entry to the officer in charge of the institution to which defendant has been sentenced.
 
 See
 
 LSA-C.Cr.P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 The transcript reflects that the trial judge advised defendant that he had “two years prescription period to seek post-conviction reliefl.]”
 
 [7]
 
 The transcript’s advisory is incomplete because it did not advise defendant that he had two years
 
 after judgment of conviction and sentence become final
 
 in which to seek post-conviction relief.
 
 State v. Ridgley,
 
 08-675, p. 22 (La.App. 5 Cir. 1/13/09), 7 So.3d 689, 703,
 
 writ denied,
 
 09-0374 (La.11/6/09), 21 So.3d 301. Accordingly, we |1sremand this matter to the trial court with instructions to inform defendant of the prescriptive period set forth by LSA-C.Cr.P. art. 930.8, by sending written notice to defendant within ten days of the rendition of this opinion
 
 and
 
 to file written proof in the district court record that defendant has been given such notice.
 
 State v. Fazande,
 
 05-901, p. 10 (La.App. 5 Cir. 3/28/06), 927 So.2d 507, 513-14.
 

 CONCLUSION
 

 Accordingly, for the reasons assigned above, defendant’s sentences for his convictions of aggravated rape and sexual battery are affirmed. The matter is remanded for the corrections of the minute entry and for the trial court to properly advise defendant of the prescriptive period for filing post-conviction relief as noted above.
 

 AFFIRMED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . For a complete recitation of the facts, see
 
 State v. Williams,
 
 05-317 at 4-10, 918 So.2d at 469-72.
 

 [2]
 

 . It is noted that, in 2008, the United State Supreme Court held that the death penalty as punishment for aggravated rape was unconstitutional.
 
 Kennedy v. Louisiana,
 
 554 U.S. 407, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008).
 

 [3]
 

 . This review extends to all mandatory minimum sentences and not just those imposed
 
 *104
 
 under the habitual offender law.
 
 State v. Fobbs,
 
 99-1024 (La.9/24/99), 744 So.2d 1274, 1275 (per curiam).
 

 [4]
 

 .
 
 State v. Smith,
 
 98-1193, pp. 3-4 (La.App. 5 Cir. 4/14/99), 734 So.2d 103, 104-05;
 
 State v. Vicks,
 
 00-1700, pp. 13-14 (La.App. 4 Cir. 9/26/01), 798 So.2d 308, 315-316,
 
 writ denied,
 
 00-0199 (La. 11/27/02), 831 So.2d 276;
 
 State v. Viree,
 
 95-176, pp. 6-7 (La.App. 3 Cir. 3/6/96), 670 So.2d 733, 736-37,
 
 writ denied,
 
 96-0885 (La.9/20/96), 679 So.2d 431.
 

 [5]
 

 . In the instant case, at the time the last offense occurred in 2003, LSA-R.S. 14:42 provided for a penalty of either death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Because the State did not seek the death penalty in this case, and, as was stated previously, the U.S. Supreme Court has held that the death penalty as punishment for aggravated rape is unconstitutional, the only sentence available to the trial judge was life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
 
 Kennedy v. Louisiana, supra.
 

 [6]
 

 . The transcript prevails.
 
 State v. Lynch, supra.
 

 [7]
 

 . However, the commitment shows that the trial judge informed defendant he had two years after judgment of conviction and sentence has become final to seek post-conviction relief. The transcript prevails.
 
 State v. Lynch, supra.